## S11A0739. DEAN v. DEAN.
### (715 SE2d 72)

NAHMIAS, Justice.

More than 30 years ago this Court adopted the straightforward rule that

> parties to an alimony agreement may obtain modification unless the agreement expressly waives the right of modification by referring specifically to that right; the right to modification will be waived by agreement of the parties only in very clear waiver language which refers to the right of modification.

*Varn v. Varn*, 242 Ga. 309, 311 (248 SE2d 667) (1978). The trial court in this case read a divorce settlement agreement to forbid changes to child support payments below a floor amount, even though the agreement lacks a "clear and express waiver" of the modification right to any degree. Id. We therefore reverse.

1. Alan Patrick Dean (Husband) and Tracy Terwilliger Dean (Wife) were divorced on May 14, 2008. Their settlement agreement, incorporated into the divorce decree, provided that Husband would pay Wife monthly child support of $2,290, a figure "calculated based upon [Husband's] annual salary of $185,000." The agreement further stated that Husband's child support payment would be recalculated soon after the start of each year, with the new amount being retroactive to January 1 and based again solely on his salary income. Finally, the agreement provided that "[i]n no event shall the annual recalculation of Husband's child support result in him paying less than the above-stated amount of [$2,290] per month to Wife for the support of two minor children."

The annual recalculations did not increase Husband's child support obligation for 2009 or 2010. On June 28, 2010, however, Husband filed a petition for downward modification pursuant to OCGA § 19-6-15 (j), alleging that his recent involuntary job termi-

nation had resulted in at least a 25% loss in income.[1] Wife moved to dismiss, arguing that while Husband was not barred from seeking modification generally, he could not seek a reduction in child support (a form of alimony[2]) because the settlement agreement set a negotiated floor of $2,290, the amount Husband was already paying. The trial court denied Wife's motion to dismiss after concluding that Husband had not waived his right to seek statutory modification of his child support obligation. But the court then held that the obligation could not be reduced below the $2,290 floor set by the settlement agreement. Husband sought and was granted this interlocutory appeal.

2. *Varn* requires reversal. By concluding that Husband could not modify his child support payment below $2,290, the trial court effectively held that Husband waived his right to modify his payment to the full extent permitted by OCGA § 19-6-15 (j). But the settlement agreement's provision that Husband's child support could not fall below $2,290 does not satisfy *Varn*'s requirement that he clearly and expressly waive his modification right, even to a limited extent. Not only does the floor provision fail to mention any "waiver," but it also omits the necessary "express reference to the right of alimony modification." 242 Ga. at 311. Indeed, the purported partial-waiver language here falls short even compared with other language we have found inadequate under *Varn*. See, e.g., *Brenizer v. Brenizer*, 257 Ga. 427, 427 (360 SE2d 250) (1987) (rejecting putative waiver language stating, "The provisions of this agreement shall not be modified or changed except by mutual consent and agreement of the parties, expressed in writing.").

Wife insists that we are comparing apples to oranges. She says the $2,290 floor has nothing to do with Husband's right to seek a modification. If Husband's income and associated child support obligation had risen in 2009 and 2010, the argument goes, he could now assert his statutory right to downward modification and request a payment as low as $2,290. However, accepting Wife's effort to recast a provision that operates as a partial waiver of Husband's modification right as something else would lead us back to the "case-by-case construction" of alimony agreements that *Varn*'s "clear and express waiver test" was designed to avoid. See 242 Ga. at

---

[1] OCGA § 19-6-15 (j) (1) provides:
In the event a parent suffers an involuntary termination of employment . . . resulting in a loss of income of 25 percent or more, then the portion of child support attributable to lost income shall not accrue from the date of the service of the petition for modification . . . .

[2] Child support is a form of alimony. *Jones v. Jones*, 280 Ga. 712, 715 (632 SE2d 121) (2006) (explaining that "long-standing statutory and case law establish[es] that alimony includes support for a spouse or for a child or children").

310. Parties hoping to avoid alimony modification could always argue that putative waiver provisions that fail *Varn*'s test are just contractual limitations of another kind.

Wife also argues that this Court implicitly endorsed her view that contractual alimony floors are enforceable in *Jones v. Jones*, 280 Ga. 712 (632 SE2d 121) (2006). It is true that this Court enforced a child-support floor in *Jones*, but we did so only because the husband there expressly waived his right to seek modification — using "verbatim" the waiver language suggested in *Varn. Jones*, 280 Ga. at 712-713, 715.

*Varn* has set the rule for waivers of alimony and child support modification rights since 1978. The parties' decision not to include its well-worn waiver language, see 242 Ga. at 311, n. 1, or something equivalent to it, in their settlement agreement suggests, if anything, that they did *not* intend to forbid a statutory downward modification of Husband's child support obligation even below $2,290. The trial court erred in refusing to allow Husband to seek a modification of child support as provided by OCGA § 19-6-15 (j).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*Montalto & Berryman, Randall S. Berryman*, for appellant.
*Lawler, Green, Givelber & Prinz, David S. Givelber*, for appellee.