A11A1559, A11A1560. JOHNSON v. WARE (two cases).
(723 SE2d 18)

ADAMS, Judge.

This appeal arises out of a dispute between divorced parents over the particulars of custody and visitation relating to their child. The father appeals from trial court orders that, among other things,

purported to modify the father's custody rights even though the mother, in her pleadings, sought changes only to the father's visitation schedule. We have consolidated two cases for the purpose of appeal.

The record shows the following basic facts. On February 10, 2004, Amanda L. Ware and Kenneth A. Johnson had a child, but by December 6, 2006, they were divorced. Neither the divorce decree nor the settlement agreement is in the record. In August 2009, Ware filed a complaint (the "Ware Action") in which she alleged that there had been a change in circumstances materially affecting the welfare of the child, and she requested that visitation be modified to include a parenting plan "that is specific and not open to debate regarding the parties' custodial time." Johnson answered and counterclaimed, seeking, among other things, to have primary physical custody placed with him. In October, Ware amended her complaint to seek a change or clarification of custody, as well; she requested that the court "declare or clarify her as the Primary Physical Custodian" of the child. But both parties then withdrew their claims for modification of custody from the Ware Action. Johnson reasserted his request for a change of custody in a separate action (the "Johnson Action"). In her answer in that action, Ware alleged that "it is in the best interests of the child for her to have primary physical custody but to change the current visitation schedule to provide that the child is with her during the school week." In a prayer for relief, she requested that "she be awarded such other and further relief as the Court deems appropriate."

By agreement of the parties, the two matters were tried together. See OCGA § 9-11-42 (a). The trial took place on January 12, 2010 and February 8, 2010, but Johnson elected not to request a takedown, and there is no transcript in the record.

Following the trial, the court issued one final order in each case, as well as a "Parenting Plan & Child Visitation" order that pertained to both cases (the "Parenting Plan"). In the Ware Action, among other things, the court ordered "that [Ware] shall be the Primary Physical Custodian of the parties' minor child, with both parties having Joint Legal Custody." In the Parenting Plan, the court ordered that Johnson "shall be entitled to reasonable and liberal rights of visitation with the minor child, . . . so long as same does not interfere with the health, welfare and education of the minor child at any time(s) the parties can agree upon." The court then laid out specific rules of visitation for Johnson in the event "the parties are unable to agree on reasonable visitation." The court incorporated the Parenting Plan into the Ware final order and added "All provisions of the Final [Divorce] Judgment and Decree and Settlement Agreement not inconsistent with said Parenting Plan Order

shall remain in full force and effect." Finally, in the final order in the Johnson Action, the court denied Johnson's motions for a change of custody and for contempt against Ware.

Johnson then changed attorneys and, in both cases, filed three motions: a motion for new trial, reconsideration, or judgment notwithstanding the verdict; a motion for findings of fact and conclusions of law; and a motion for the court to prepare a narrative transcript of the trial. On February 4, 2011, following a hearing that was transcribed, the court issued identical orders in both cases in which it denied Johnson's request for a narrative transcript, denied Johnson's request for relief from the prior orders, and entered findings of fact and conclusions of law. On March 1, Johnson filed notices of appeal in both cases.

1. In both cases, Johnson first contends the trial court erred by modifying his custodial rights. He argues that the court's final order in the Ware Action, including the Parenting Plan, improperly modified the rights he was given in the parties' divorce decree and settlement agreement. But those documents are not in the record, and therefore Johnson cannot show error by the record. He also argues that there were no pleadings or motions pending in the Ware Action that would allow modification of his custodial rights. But for all we know, that issue was tried by express or implied consent of the parties: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . ." OCGA § 9-11-15 (b). The Ware and Johnson Actions were tried together pursuant to agreement of the parties; but without a transcript, we have no information about how this issue was treated at trial.[1] In addition, Johnson did not raise this issue at the hearing on the motion for new trial, despite the fact that his trial counsel was present and available to testify, and therefore the issue was not developed factually for our review. In sum, Johnson has not shown reversible error. "The burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed. [Cit.]" (Citation and punctuation omitted.) *Roberts v. Windsor Credit Svcs.*, 301 Ga. App. 393, 396 (2) (687 SE2d 647) (2009).

2. Johnson asserts in both cases that the court erred by refusing to hear all the evidence he offered, both at trial, and at the hearing on the motion for new trial. But again, without the trial transcript,

---

[1] Although the court denied Johnson's motion to provide a narrative transcript of the trial, Johnson has not appealed that decision.

Johnson cannot rightly prove his assertion, nor can he show that he raised a timely objection.

Furthermore, at the hearing on the motion for new trial, the court stated that it did not exclude any testimony: "that was an incorrect statement. I provided them the opportunity [to present character witnesses] and they chose not to because they recognized as officers of the Court and as trial lawyers[,] a trial strategy would be, don't overload this case with just stuff." The court explained that it gave each party the opportunity to offer something other than testimony about each parent's character, but in their proffer, they were unable to do so. And a witness that Johnson offered at the hearing essentially confirmed the court's recollection; she testified that at trial the judge said he was not going to hear all the witnesses "because her witnesses would say great things about her, his witnesses would say great things about him and he didn't need to hear all of us." See generally *White v. Regions Bank*, 275 Ga. 38, 40-41 (2) (a) (561 SE2d 806) (2002) (exclusion of cumulative evidence not an abuse of discretion)

Moreover, Johnson's trial counsel testified that the reason he did not call all of the witnesses was they would be "redundant in nature or they may have offered some — just some general character information." He also noted that the judge had stated that he did not have a problem with either party's character, "[s]o [there] wasn't any point in me calling witness after witness. . . . So that may have been why I didn't call some or all of the witnesses." He added, "I was never told not to call a witness. Any witness I didn't call was because the person wasn't going to add anything that we hadn't already established."

Finally, we find no indication in the transcript of the hearing on the motion for new trial that the court prohibited Johnson from presenting witnesses in support of his motion. The only cited excerpt from the hearing shows that the court turned down an offer by Johnson to call witnesses to help the court recall what happened at trial in connection with Johnson's request that the court prepare a narrative transcript. But Johnson has not appealed the court's ruling on that issue.

Johnson, therefore, simply has not shown that the trial court prohibited him from calling witnesses, either at the trial or at the hearing on the motion for new trial.

3. In the Ware Action, Johnson raises two additional alleged errors. He first contends the trial court's award of child support "is not in conformity with OCGA § 19-6-15 as there is no Child Support Worksheet reflecting the child support ordered by the Court." He also contends the trial court erred by ordering that he pay one-half of the child's school and summer camp tuition outside of the overall

calculation of child support.

Ware concedes that the court's order regarding child support does not comply with the relevant Code sections. See OCGA § 19-6-15 (c) (2) (E) & (i) (1) (B). And the Supreme Court has explained that, when applicable, as it is here, OCGA § 19-6-15 "makes certain findings mandatory." *Holloway v. Holloway*, 288 Ga. 147, 149 (1) (702 SE2d 132) (2010). "The child support guidelines were made mandatory to ensure that the best interests of the children were protected." Here, the trial court's order fails to include the necessary findings. Id. See also *Turner v. Turner*, 285 Ga. 866, 866-867 (1) (684 SE2d 596) (2009). Ware also concedes that the court's award of tuition outside of the support award was an unexplained deviation, and we agree. See *Turner*, 285 Ga. at 867-868 (2). "As a result, we must reverse the trial court's judgment [in the Ware Action] and remand this case to the trial court for further proceedings consistent with this opinion." *Holloway*, 288 Ga. at 149 (1).

In summary, the judgment in Case No. A11A1560 is affirmed. The judgment in Case No. A11A1559 is affirmed in part and reversed in part, and that case is remanded with direction.

*Judgment affirmed in Case No. A11A1560. Judgment affirmed in part and reversed in part, and case remanded with direction in Case No. A11A1559. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JANUARY 30, 2012.

*Jacquelyn F. Luther*, for appellant.
*William F. Todd, Jr.*, for appellee.