## S13A0073. PARKER v. PARKER.
(745 SE2d 605)

BENHAM, Justice.

This Court granted the application for discretionary review in this case arising out of an action filed by JoBeth Parker, Appellant, a resident of Georgia, against her then-husband, James Timothy Parker, Appellee, a nonresident, to establish child support pursuant to the Uniform Interstate Family Support Act (UIFSA), OCGA § 19-11-100 et seq.[1] After conducting an evidentiary hearing, the trial court entered a final order of custody and child support. Appellant raises several issues relating to the child support award.

1. The initial question for review is whether this is an alimony case over which this Court has appellate jurisdiction pursuant to Georgia Constitution of 1983, Art. VI, Sec. VI, Par. III (6). The parties to this appeal were married at the time of the proceedings below. Divorce proceedings were pending in both Alaska and Florida, but Appellant alleged that neither of those states had jurisdiction to resolve child custody and child support issues given the residency of the parties and the two children of the marriage.[2] Accordingly, Appellant filed the petition in Georgia, and the trial court found it had jurisdiction over this matter.

In *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 513 (1) (690 SE2d 378) (2010), a case involving a Department of Human Resources review of a child support order under OCGA § 19-11-12, this Court discussed the relationship between alimony and child support, noting that "an award of child support always constitutes

---

[1] Appellant initially filed her petition in the Superior Court of Houston County under the Uniform Child Custody Jurisdiction and Enforcement Act and, after the trial court ruled it had jurisdiction, she amended her petition asking the trial court also to enter a child support order under UIFSA.

[2] As more fully set forth below, the younger child lived with Appellant/Mother in Georgia. The older child lived with Appellee/Father in Alaska.

alimony if it is made in a divorce decree proceeding, but it may or may not represent alimony outside the divorce context." In *Spurlock*, this Court held that

> we have jurisdiction over a case involving an original claim for child support which arose in either a divorce or alimony proceeding [as well as] actions for modification of alimony ... for support of ... a child, so long as the original award arose from a divorce or alimony proceeding.

Id. at 513. Thus, the Court concluded we have jurisdiction over proceedings for modification of a child support award made in a prior divorce or alimony action regardless of the code section under which the modification is pursued. By comparison, in *O'Quinn v. O'Quinn*, 217 Ga. 431 (122 SE2d 925) (1961), this Court found it did not have jurisdiction over a case that involved an original petition for child support brought under what is now the UIFSA[3] because we concluded it was not a divorce or alimony case that would bring the matter within the jurisdiction of this Court. The petitioner in *O'Quinn*, however, sought the establishment of child support after the parties were already divorced, not the modification of a child support order entered in a divorce or alimony proceeding. Without making that distinction, this Court later cited *O'Quinn* for the proposition that child support actions brought under what is now the UIFSA "are normally within the jurisdiction of the Court of Appeals." *Brown v. Georgia Dept. of Human Resources*, 263 Ga. 53, 54 (428 SE2d 81) (1993) (assuming jurisdiction over a case in which the Georgia Department of Human Resources filed a petition on behalf of a parent seeking modification of a previously entered child support award as well as payment of arrearages, in order to address confusion in the law regarding collection of child support arrearages).

The case now before the Court involves an original petition for child support that is not made within a divorce proceeding. The parties were, however, at the time the petition was filed, married and not divorced. Consequently, this case is distinguishable from *Kennedy v. Kennedy*, 309 Ga. App. 590 (711 SE2d 103) (2011), in which the Court of Appeals, and not this Court, had jurisdiction over an original petition for award of child custody and child support in a case involving parents who had already obtained a final divorce decree in

---

[3] The petition in *O'Quinn* was brought under the Uniform Reciprocal Enforcement of Support Act, which was replaced, with respect to proceedings filed on or after January 1, 1998, by the Uniform Interstate Family Support Act (Georgia Code Title 19, Ch. 11, Art. 3). See OCGA § 19-11-40.1.

Alabama that did not address the issues of custody and support because their child no longer lived in that state. "Child support is a form of alimony." *Dean v. Dean*, 289 Ga. 664, 665, n. 2 (715 SE2d 72) (2011). Thus, the factual circumstances of this case provide an example of an award of child support that constitutes alimony even though it is pursued outside the divorce context, as referenced in *Spurlock*, supra. Accordingly, this Court has jurisdiction over this appeal because it is an alimony case.

2. Appellant asserts the trial court erred in including in its child support calculations certain nonspecific deviations from the statutory presumptive child support amount that would otherwise apply in this case and in failing to consider the effect of boarding school living expenses upon the allocation of child support between the parties for the older child who was enrolled at boarding school. The record reflects both parties were career commissioned officers in the United States Air Force whose military duties often required them to be geographically separated. At the time Appellant filed this proceeding in 2011, two different divorce proceedings were pending in two other states. Also at the time this proceeding was filed, the parties had enrolled their older, then 16-year-old, daughter in a boarding school in New Jersey and the younger, then seven-year-old, daughter was living with Appellant in Georgia and enrolled in a private day school. Appellee had retired from the military and was a resident of Alaska. The trial court awarded joint legal custody of both children, awarded primary physical custody of the older child to Appellee, in accordance with that child's stated preference, and awarded primary physical custody of the younger child to Appellant pursuant to a finding that such an arrangement was in the best interest of the child.

As required by OCGA § 19-6-15 (l) for split parenting arrangements, the trial court prepared a child support worksheet for each child but it appears to be undisputed that the worksheets were not provided to the parties or their attorneys until the day following the hearing on this matter and that the court invited each party to review the worksheets in advance of entry of the final award. Each worksheet reflects that Appellant's income is 42.22% of the parties' combined income and that Appellee's income is 57.78% of the combined income. Tuition, room, and board for the older child's boarding school was shown on the worksheet to be approximately $44,000 per year (although documentary evidence presented at the hearing reflects that, after credit for a tuition grant, the charges totaled $41,770) and, at the hearing, the judge announced Appellant would be required to pay half, but in any case, no less than $22,000 per year, "toward tuition and living expenses" but no other child support for the older child under the child support guidelines. The judge also announced at

the hearing that Appellee would not be required to pay any tuition for the younger child, which was shown to be $5,400 (although evidence was presented showing the actual tuition was $4,200 after application of a tuition deduction) and Appellee's zero dollar responsibility for the extraordinary educational expenses of the younger child is reflected on that child's child support worksheet. Both worksheets provide nonspecific deviations by which the trial court apparently intended to "zero out" the remaining child support obligations of the parties such that Appellant would pay Appellee no additional child support with respect to the older child in his custody and Appellee would pay Appellant no child support with respect to the younger child in her custody. The final order, however, states that each party shall share equal financial responsibility for the private school tuition of each child with Appellee to pay no less than $22,000 for the older child's tuition and Appellant to pay half of the younger child's tuition. Appellant acknowledges she agreed to pay half of the older child's boarding school tuition but she sought "guideline child support" for the younger child, including that child's private school expenses. Before the final order was entered, Appellant submitted alternative worksheets for the court's consideration and filed a motion for reconsideration of the ruling announced at the conclusion of the hearing. She argued that if the award were entered pursuant to the worksheets the court prepared and submitted to the parties for review after the hearing, the award would place a significantly heavier burden upon Appellant in her obligations to support both children, would provide a windfall to the Appellee, and would deny the younger child of the support that should be paid by Appellee. The motion was denied and the court entered the final order.

In her first enumeration of error, Appellant asserts the trial court abused its discretion by granting a $1,503.05 nonspecific deviation in favor of Appellee with respect to his child support obligation to the younger child, thus bringing his support obligation to zero, when that deviation does not serve the best interest of that child. The Final Order of Custody and Child Support provides that neither party shall owe child support to the other and incorporates by reference the child support worksheet for each child. OCGA § 19-6-15 provides a process for calculating child support which, pursuant to subsection (m), requires the necessary information used in that calculation to be recorded on the child support worksheet. Deviations from the presumptive amount of child support, as provided by OCGA § 19-6-15 (i), are to be set out in Schedule E of the worksheet. OCGA § 19-6-15 (b)(8). If the factfinder deviates from the presumptive amount of child support, certain specific findings of fact must be set forth in the child support order, including the reasons for the deviation, the amount of

child support that would have been required if no deviation had been applied, how the application of the presumptive amount of child support would be unjust or inappropriate considering the relative ability of each parent to provide support, and how the best interest of the child who is the subject of the child support determination is served by a deviation from the presumptive amount. See OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). In justifying the special deviation applied to the younger child in this case, the judge responded to special interrogatories on Line 14 of Schedule E of the child support worksheet as follows:

> (B) Would the presumptive amount be unjust or inappropriate? Explain. [Answer:] Yes; [Appellee non-custodial parent] is paying for expenses of older child which are in addition to the half of her tuition.
> (C) Would deviation serve the best interests of the children for whom support is being determined? Explain. [Answer:] Yes; will result in funds being available for travel and other expenses for both children.
> (D) Would deviation seriously impair the ability of the CUSTODIAL parent or NON-PARENT Custodian to maintain minimally adequate housing, food and clothing for the children being supported by the order and to provide other basic necessities? Explain. [Answer:] No; both parents have sufficient funds to provide for basic necessities.

In this case, the child support worksheet was incorporated into the final order and thus the order reflects the statutorily required findings to support the deviation. Compare *Walls v. Walls*, 291 Ga. 757 (6) (732 SE2d 407) (2012) (reversing and remanding for redetermination of child support where the order recited that the reasons for deviations were set forth in Schedule E of the child support worksheet but the spaces for those findings were left blank). Appellant, however, asserts the nonspecific deviation is erroneous as a matter of law in several respects.

This Court has held that qualitative determinations regarding deviation from the presumptive amount of child support

> are committed to the discretion of the court or jury. Accordingly, we review any findings based on disputed facts or witness credibility under the clearly erroneous standard, and we review the decision to deviate, or not to deviate, from the presumptive amount of child support under the abuse of discretion standard.

*Black v. Black*, 292 Ga. 691, 697 (4) (a) (740 SE2d 613) (2013) (citations and punctuation omitted). Among the disputes in *Black* was the court's award of a deviation for visitation-related travel expenses to the non-custodial parent, which is enumerated as one of the permissible "Specific Deviations" in OCGA § 19-6-15 (i) (2). This Court found that the trial court made sufficient findings that the deviation would leave the non-custodial parent with funds to cover interstate travel expenses for visitation with the children involved in the child support order, that the findings did not appear to be clearly erroneous, and thus the deviation could not be considered an abuse of discretion. Id.

In this case, the court noted at the hearing the substantial visitation-related travel expenses for each child between Alaska and Georgia, and the order requires each parent to bear that expense for the child not in that parent's custody. Nevertheless, the child support worksheet for the younger child does not provide a specific deviation for travel expenses as permitted by OCGA § 19-6-15 (b) (8) (F) and (i) (2) (F).[4] Instead, one of the findings to justify the nonspecific deviation that effectively eliminated Appellee's child support obligations to the younger child was that the deviation served the best interest of the "children for whom support is being determined" because it would "result in funds being available for travel and other expenses for both children." Another of the findings to justify the nonspecific deviation in favor of Appellee was that the presumptive amount would be unjust or inappropriate because Appellee "is paying for expenses of older child . . . in addition to . . . half of her tuition."

Pursuant to OCGA § 19-6-15 (i) (3), nonspecific deviations are those that "may be appropriate for reasons in addition to those established under this subsection when the court or the jury finds it is in the best interest of the child." Relying upon this language, Appellant asserts that use of a nonspecific deviation is appropriate only when no specific deviation authorized by OCGA § 19-6-15 (i) (2) reasonably applies. Pursuant to OCGA § 19-6-15 (c) (1), the presumptive amount of child support provided by the Code section "may be increased or decreased according to the best interest of the child for whom support is being considered . . . ." Relying upon this language, Appellant asserts the statute does not permit the granting of a deviation on the ground that it benefits and serves the best interest of a child other than the one who is the subject of the child support worksheet, even if that child is the sibling of the one entitled to support. Although separate worksheets are required for each child in

---

[4] Neither does the worksheet for the older child.

a split parenting situation, the statute also requires the court to determine "other child support responsibilities for each parent." See OCGA § 19-6-15 (l) (5). Thus, we find no abuse of discretion in the trial court's consideration of Appellee's child support obligations to the older child in the child support award for the younger child. By noting Appellee's obligation to pay expenses of the older child, including half of that child's tuition, the trial court was obviously taking into consideration Appellee's other child support obligations in determining what would be unjust or inappropriate for him to be required to pay in the way of support to the younger child. Although it appears to be the better practice not to include within nonspecific deviations factors that are set forth in the statutory list of specific deviations, we are not inclined to impose a hard-and-fast rule that factors such as significant visitation-related travel expenses cannot be considered as reasons for nonspecific deviations. This is particularly true where, as here, the child custody order involved a split parenting arrangement and a virtually identical justification for a nonspecific deviation was afforded Appellant, as the non-custodial parent of the older child. Likewise, we do not deem it to be an abuse of discretion for the trial court, in a split parenting arrangement, to offer reasons relating to child support obligations to a sibling in its findings of fact supporting nonspecific deviations.

3. Appellant asserts the child support worksheets for both children contained erroneous facts, that the nonspecific deviations were thus erroneous, and that the worksheets, in any event, did not support the final order. The record supports this assertion of error. For example, the child support worksheets prepared by the court reflect, as noted above, overstatement of the private school tuition costs for each child.[5] Both worksheets reflect yearly child care costs in the amount of $1,600 incurred by Appellant when no evidence was presented that Appellant incurred any child care costs for the older child and her domestic relations financial affidavit reflected total yearly child care costs in the amount of $1,480, presumably for the younger child who lived with her. Appellee's financial affidavit reflected child care costs for non-school periods incurred by him, presumably primarily for the older child who lived with him when not in boarding school, in the total yearly amount of $3,000 but neither of the child support worksheets prepared by the court reflect any child care expenses were attributed to Appellee. The worksheets overstate the dental insurance premiums paid by the mother for each child because the total premium paid was entered on each child's worksheet instead

---

[5] Appellee acknowledges the final order should be amended to correct this factual error.

of one-half of the premium being attributable to each child. Finally, although the final order requires each party to pay half of each child's private school tuition at the schools where they are currently enrolled (or, for Appellant, a minimum of $22,000 annually), the child support worksheet for the younger child reflects the entire amount of extraordinary educational expense is paid by Appellant and nothing is paid by Appellee. In sum, it appears that inaccurate factual data was plugged into the child support worksheets for the purpose of arriving at the predetermined result the trial judge announced at the hearing — to "zero out" any child support obligations of the parties to each other.

It is apparent from the hearing transcript that the trial court in this case attempted to accommodate the parties' already established practice of devoting a significantly greater portion of the parents' combined resources to pay for the education of the older child while also providing the younger child with private school education. The court went too far, however, in arriving at an expressed intent to award a zero dollar child support obligation and then fashioning the numbers to achieve that result. The guidelines set forth in OCGA § 19-6-15 provide a detailed scheme for determining the amount of child support to be awarded by the court, and compliance with the statute's terms is mandatory. See *Stowell v. Huguenard*, 288 Ga. 628 (706 SE2d 419) (2011). The intent of the guidelines is to have each parent contribute his or her pro rata share of child support unless deviations, as provided by law, are "supported by the required findings of fact and application of the best interest of the child standard." OCGA § 19-6-15 (b) (8). Here, it appears the trial court's actions were comparable to making an award of child support outside the parameters of the child support worksheet in order to achieve a specific result, a practice that has been deemed reversible error. See *Turner v. Turner*, 285 Ga. 866 (684 SE2d 596) (2009) (reversing and remanding where, after calculating the amount of child support due from each parent, the order included a separate and special pro rata apportionment for the costs of extracurricular activities instead of including those expenses in the child support worksheet calculations); *Johnson v. Ware*, 313 Ga. App. 774 (723 SE2d 18) (2012) (reversing in part and remanding where the order included an award of tuition outside the overall calculation of child support). While the court in this case made the required findings to support the nonspecific deviations that were granted, they were seemingly result oriented and based on incorrect facts.

Even though qualitative determinations of whether special circumstances exist to support deviations from the presumptive amount of child support are committed to the discretion of the court or jury

(see *Hamlin v. Ramey*, 291 Ga. App. 222, 224-225 (1) (661 SE2d 593) (2008)), quantitative calculations regarding the amount of the deviation require the child support worksheet to be populated with accurate facts and figures in order to determine the amount of the deviation. Once that amount is determined, the finder of fact must make findings and provide the reasons why the deviation is appropriate and in the best interest of the child. A deviation requires evidence that rebuts the presumptive amount of child support. See OCGA § 19-6-15 (a) (10). As noted above, with respect to evidentiary issues, this court applies a clearly erroneous standard of review. Because the figures used in this case to "back out" the numbers to arrive at the predetermined zero dollar child support obligation are unsupported by the evidence, we must reverse and remand the child support award. Upon remand, once factually accurate data is supplied to the child support worksheets to quantitatively support specific or nonspecific deviations, then the court, in its discretion, may make the required findings of fact, including how the best interest of the child who is the subject of the child support determination is served by the deviation, as required by OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B).

In a separate enumeration of error Appellant asserts the court erred in failing to take into consideration the effect of the tuition discounts in its grant of deviations for extraordinary educational expenses, as required by OCGA § 19-6-15 (i) (2) (J) (i) (I), and also erred in its order that Appellant pay half, but no less than $22,000, of these tuition expenses for the older child. Remand of the case for correction of factual inaccuracies in the child support worksheets serves to address this enumeration of error.

4. Appellant asserts the trial court erred in failing to consider what she refers to as the "windfall" benefit to Appellee by requiring Appellant to pay half of the total costs of the older child's education expenses, including boarding expenses, thus relieving Appellee of a portion of the cost of that child's support. The order requires Appellant to pay no less than $22,000 annually for the older child's private school tuition. It also requires Appellee to pay an amount equal to half of the younger child's private day school tuition. Otherwise, the order states that "[n]either party shall pay child support to the other." Nevertheless, the transcript of the hearing reflects the court acknowledged and intended the $22,000 payment to include living expenses. Private school or college boarding expenses include costs, such as food and lodging, which are by definition part of general child support. See *Taylor v. Taylor*, 228 Ga. 173 (3) (184 SE2d 471) (1971) (holding it was error for the court to award board as part of the higher education expenses to be paid in addition to monthly support payments as this

would necessarily include an amount for food and lodging and thus result in double payment of support); see also *Marshall v. Marshall*, 247 Ga. 598 (3) (277 SE2d 662) (1981) (in a contempt proceeding, trial court did not err in interpreting an ambiguity in the child support decree so as not to require both child support and boarding expenses); *Jenkins v. Jenkins*, 233 Ga. 902 (3) (214 SE2d 368) (1975) (child support award did not amount to a double payment of child support when the decree specifically stated college expenses were to be paid "in addition to" the payment for general support). Further, the evidence shows the parties agreed to pay half of each child's private school tuition, and no distinction was made between pure tuition costs and boarding costs. Also, the findings set forth in the child support worksheets demonstrate that the trial court recognized the older child's boarding expenses were a part of and in addition to her total yearly living expenses.

One of the justifications and findings in support of granting the nonspecific deviation in favor of Appellee for the younger child was the finding that the presumptive amount (which would result in Appellee paying over $400 monthly in child support to Appellant) would be unjust or inappropriate because "[Appellee non-custodial parent] is paying for expenses of older child which are in addition to the half of her tuition." The corresponding finding in support of granting a nonspecific deviation in favor of Appellant for the older child was the finding that the presumptive amount would be unjust or inappropriate because "[Appellant non-custodial parent] is paying tuition for younger child." Of course, Appellant is also paying expenses in addition to tuition for the younger child, since the final order eliminated Appellee's child support obligations to that child except for half of tuition (even though that amount was not reflected in the child support worksheet), but that factor was not noted in the findings. In addition, though not noted on the child support worksheet, Appellant is paying for a portion of the older child's general support since she is paying half her boarding fees. The issue of whether the final award, in effect, improperly fails to consider the benefit that accrues to Appellee as a result of requiring Appellant to pay what amounts to child support for that portion of the older child's general support incurred during the months she lives at boarding school further illustrates the deficiencies in the child support worksheets that the court prepared in this case. As noted, the facts appear to have been fashioned in a manner to arrive at an order that appears to have been predetermined by the trial court. Appellant complains that this results in the parent earning just over 42% of the parties' combined income is required to bear over 58% of the total child support expenses for the two children. We do not hold that such an

apportionment is erroneous as a matter of law. In fact, deviations may be awarded when the presumptive amount would be unjust or inappropriate considering the relative ability of each parent and in order to arrive at a child support determination that is in the best interest of the child. See OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). The deviations must be based, however, on accurate facts to guide the calculations set out in the child support guidelines and worksheet and, as set forth above, that does not appear to have occurred in this case.

Moreover, the deviations must be in the best interest of the child. Appellant shows that the younger child in this case is adversely impacted by the trial court's decision not to require Appellee to contribute to that child's support beyond paying half her tuition, whereas Appellant is effectively paying for half of the older child's general support, in addition to half of her tuition, during the school year, thus leaving Appellant with fewer resources to support the younger child. That consideration is not reflected in either child support worksheet. The benefit that accrues to Appellee for this contribution to the older child's general support is also not reflected in the worksheets. At the hearing, the trial court noted that these parents have elected to spend a greater portion of their combined resources on the higher education of the older child. This election, however, does not appear to justify the judge's apparently pre-determined decision to relieve Appellee of any duty to support the younger child beyond paying half of her tuition. The cumulative effect of these material inaccuracies and inconsistencies requires us to find the court abused its discretion in arriving at the final order of child support in this case. Upon remand, the trial court is directed to apply accurate facts and figures to the case so the calculations of the child support worksheets are accurate and any deviations granted are properly supported by findings based upon these facts.

5. Finally, the court erred by finding in its final order that "the parties have agreed and determined that deviations from [the presumptive child support amounts reflected on the child support worksheets] are appropriate as shown on the Worksheets." The transcript and record reflect that the parties did not submit child support worksheets that had been jointly agreed upon, that the court prepared the worksheets that were incorporated into the final order, and that once those had been provided to the parties subsequent to the hearing at which the court announced its ruling, Appellant objected to the worksheets and the proposed order. Prior to the entry of the final order, Appellant filed a motion for reconsideration to which she attached proposed alternative worksheets for each child. Although the motion was denied, its filing shows that the parties did not agree

to the deviations set forth in the final order. Thus, that finding in the final order is reversed. Upon remand, the trial court is required to enter a new final order revised in accordance with this opinion and based upon newly prepared child support worksheets.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED JULY 1, 2013.

*Westmoreland, Patterson, Moseley & Hinson, William J. Camp,* for appellant.
*T. Rabb Wilkerson III,* for appellee.