**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 9, 2015**

# In the Court of Appeals of Georgia

A15A1040. BLACK v. FERLINGERE.

BARNES, Presiding Judge.

This cases arises out of a dispute between Petitioner Black and Respondent Ferlingere over custody and child support relating to their daughter, J. B. In this appeal, Black challenges the trial court's final order modifying custody and declining to award child support to either parent. Because the final order does not contain the statutorily required findings of fact and attached documentation to support the trial court's child support ruling, we must reverse the judgment and remand for further proceedings consistent with this opinion.

The record reflects that Black and Ferlingere were unmarried when J. B. was born in January 2009 and ended their relationship a few months after the birth. Black filed a petition for legitimation, and, in January 2010, the trial court entered a consent final order legitimating J. B., ordering Black to pay monthly child support, and

granting primary physical custody of J. B. to Ferlingere with visitation rights to Black.

In December 2013, Black filed a petition for modification of child custody, visitation, and child support and for contempt.[1] Black alleged that there had been a material change in circumstances warranting modification of custody, and he sought primary physical custody of J. B., final decision-making authority, and a modification in child support. Ferlingere answered, denying the material allegations of the petition and requesting that the petition be denied.

Following a hearing on Black's petition, the trial court entered a final order modifying custody and child support on December 8, 2014 (the "Final Order"). The trial court ruled that Black and Ferlingere would have joint physical custody of J. B., with parenting time allocated in the manner set forth in a "Permanent Parenting Plan Order" incorporated into the Final Order. The trial court further ruled that Black's current child support obligation would cease and that "[b]ased upon the shared physical custody arrangement, neither party shall pay child support to the other." No

_____

[1] Black previously filed a petition for modification of child custody, visitation, and child support and for contempt in December 2011. The trial court denied Black's petition, and this Court affirmed the trial court in an unpublished opinion issued on September 5, 2013.

child support worksheets or support schedules were attached to or referenced in the Final Order.

1. Black contends that the "Permanent Parenting Plan Order," which was incorporated into the Final Order, does not conform to the trial court's oral ruling at the hearing as to how parenting time should be allocated between the parties. Black's contention is misplaced.

> A trial court's oral pronouncement is not a judgment until it is put in writing and entered as the judgment. Although a trial court's oral pronouncements on the record may provide insight on the intent of its subsequent written judgment, discrepancies between the two pronouncements must be resolved in favor of the written judgment. Thus, the trial court's oral statements on the record were not binding.

(Footnote omitted.) *Birchby v. Carboy*, 311 Ga. App. 538, 541 (3) (716 SE2d 592) (2011). Accordingly, the terms of the Final Order, including the "Permanent Parenting Plan Order" incorporated into it, control over any non-binding oral statements made by the trial court at the hearing on Black's petition. See id.; *In the Interest of S. F.*, 312 Ga. App. 671, 675 (2) (a) (719 SE2d 558) (2011).

2. Black also contends that the trial court's Final Order must be reversed because it does not contain the requisite findings of fact to support its conclusions

3

regarding child support and there is no child support worksheet or schedules attached to the order. We agree.

> OCGA § 19-6-15 provides a process for calculating child support which, pursuant to subsection (m), requires the necessary information used in that calculation to be recorded on the child support worksheet. Deviations from the presumptive amount of child support, as provided by OCGA § 19-6-15 (i), are to be set out in Schedule E of the worksheet. OCGA § 19-6-15 (b) (8). If the factfinder deviates from the presumptive amount of child support, certain specific findings of fact must be set forth in the child support order, including the reasons for the deviation, the amount of child support that would have been required if no deviation had been applied, how the application of the presumptive amount of child support would be unjust or inappropriate considering the relative ability of each parent to provide support, and how the best interest of the child who is the subject of the child support determination is served by a deviation from the presumptive amount. See OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B).

*Parker v. Parker*, 293 Ga. 300, 303-304 (2) (745 SE2d 605) (2013).[2] See *Brogdon v. Brogdon*, 290 Ga. 618, 622-623 (5) (b) (723 SE2d 421) (2012). In addition to including the aforementioned specific findings of fact, the trial court must attach a completed child support worksheet and Schedule E to the child support order,

---

[2] OCGA § 19-6-15 was revised in part in 2014, but those revisions do not affect the analysis in this case. See Ga. L. 2014, p. 457, §§ 1-8 / SB 282.

incorporate those documents by reference into the order, or enter the pertinent information from those documents directly into the order itself. See OCGA § 19-6-15 (m) (1); *Crook v. Crook*, 293 Ga. 867, 870 (2) (750 SE2d 334) (2013)*; Demmons v. Wilson-Demmons*, 293 Ga. 349, 349-350 (1) & n. 1 (745 SE2d 645) (2013).

"The child support guidelines were made mandatory to ensure that the best interests of the children were protected," *Holloway v. Holloway*, 288 Ga. 147, 149 (1) (702 SE2d 132) (2010), and trial courts must "fully comply with the statutory prerequisites for deviations" from the presumptive amount of child support. *Fladger v. Fladger*, 296 Ga. 145, 149 (2), n.7 (765 SE2d 354) (2014). To that end, our Supreme Court "has repeatedly emphasized the statute's clear directive that [the statutorily required] written findings must be included in the final child support order if a deviation is made," and that "where any of the required findings are omitted, [appellate courts] have no choice but to reverse the trial court's judgment and remand the case to the trial court for further proceedings." (Citations and punctuation omitted.) *Brogdon*, 290 Ga. at 623 (5) (b). See *Crook*, 293 Ga. at 869-870 (2); *Holloway*, 288 Ga. at 149-150 (1); *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 516-517 (3) (690 SE2d 378) (2010).

Here, the trial court's Final Order states that no child support will be owed by either party in light of "the shared physical custody arrangement"[3] but does not otherwise contain any of the specific findings of fact required by OCGA § 19-6-15 (c) (2) (E) and (i) (1) (B). Moreover, a completed child support worksheet and Schedule E are not attached to or incorporated by reference into the Final Order, nor is the information that otherwise would be found in the worksheet or schedule included in the Final Order itself. Because the Final Order fails to comply with the statutory requirements for a deviation in the presumptive amount of child support, we must reverse the trial court's judgment and remand for further proceedings consistent with this opinion. See *Crook*, 293 Ga. at 869-870 (2); *Holloway*, 288 Ga. at 149-150 (1); *Spurlock*, 286 Ga. at 516-517 (3); *Johnson v. Ware*, 313 Ga. App. 774, 778 (3) (723 SE2d 18) (2012).

*Judgment reversed and case remanded with direction. Ray and McMillian, JJ., concur.*

---

[3] OCGA § 19-6-15 (g) permits the trial court to apply a "parenting time deviation" from the "presumptive amount of child support" as provided in OCGA § 19-6-15 (i) (2) (K), which states that a parenting time deviation may be made "when special circumstances make the presumptive amount of child support excessive or inadequate due to extended parenting time as set forth in the order of visitation or when the child resides with both parents equally."