## S16F0940. HULSEY v. HULSEY.
### (792 SE2d 709)

BLACKWELL, Justice.

Michael H. Hulsey and Julie Carpenter Hulsey were divorced by decree of a Dawson County court. We granted Michael's application for a discretionary appeal to consider whether the trial court erred in several respects when it issued the decree. We find that the trial court did err, and we reverse in part, vacate in part, and remand for further proceedings consistent with this opinion.

First, Michael claims that the trial court erred when it provided that Julie could claim their three minor children as dependents on her income tax returns in alternating years. It is well-established that Georgia courts do not have the authority to award the federal income tax dependency exemption to a non-custodial parent. See *Blanchard v. Blanchard*, 261 Ga. 11, 15 (401 SE2d 714) (1991). And the Internal Revenue Code provides that "the term 'custodial parent' means the parent having custody for the greater portion of the calendar year." *Frazier v. Frazier*, 280 Ga. 687, 688 (1) (631 SE2d 666) (2006) (citation and punctuation omitted). Here, it is undisputed that Michael has custody of the couple's children for the greater portion of each calendar year, and — as long as that remains the case — it is error for the trial court to prohibit him from claiming the children as dependents. We therefore reverse the portion of the decree that purports to allow Julie to claim the children as dependents in alternating years.

Michael also contends that the trial court erred in how it calculated his income for purposes of determining that neither party would receive child support. In the child support worksheet and addendum, which were incorporated by reference into the decree, the trial court attributed $3,480 in monthly salary and wages to Michael even though it was undisputed that he was retired and had no salary and wages. The trial court may have intended to impute income to Michael on the basis of a finding that he was voluntarily unemployed. See OCGA § 19-6-15 (f) (4) (D). If that were the case, however, the trial court should have designated the amount of money that it believed Michael could earn with reasonable effort as "imputed income" and not as "salary and wages." As a result, we must vacate the award of (zero) child support and remand this case for the trial court to reconsider the amount of Michael's income and to redetermine the amount of any child support. See *Hendry v. Hendry*, 292 Ga. 1, 4 (1) (734 SE2d 46) (2012).[1]

---

[1] Michael also claims that the trial court improperly deviated from the child support guidelines set forth in OCGA § 19-6-15 in order to ensure that neither party owed child support.

*Judgment reversed in part and vacated in part, and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 31, 2016.

*David S. Klein; Bonnie L. Jones*, for appellant.
Julie Carpenter Hulsey, *pro se.*

---

It is true that a trial court should only deviate from the child support guidelines "if supported by the required findings of fact and application of the best interest of the child standard." OCGA § 19-6-15 (b) (8). See also *Parker v. Parker*, 293 Ga. 300, 307 (3) (745 SE2d 605) (2013) (trial court should not deviate from the guidelines in order to achieve a specific result, such as by complying with an "intent to award a zero dollar child support obligation and then fashioning the numbers to achieve that result"). It is also true, however, that a trial court "has considerable discretion to deviate from the presumptive child support amount based on the many specific deviations listed in the guidelines or on other grounds" as long as it properly supports any deviation with written findings of fact. *Hardman v. Hardman*, 295 Ga. 732, 737 (3) (b) (763 SE2d 861) (2014). If the trial court sees fit on remand to deviate from the statutory guidelines, we expect that it will enter the requisite written findings.