**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 18, 2018**

# In the Court of Appeals of Georgia

A18A0617. NOBLE v. NOBLE.

ELLINGTON, Presiding Judge.

In 2015, Kathleen Noble (now Kathleen McGinn) initiated this action in the Superior Court of Spalding County against her ex-husband, Stephen Noble, seeking to have him held in contempt of court for violating certain provisions of the parties' 2013 divorce decree. She also sought an increase in his child support obligation. The case was transferred to the Juvenile Court of Spalding County for resolution. In a March 2017 order, the juvenile court modified custody, making McGinn, who was living in New Hampshire, the primary physical custodian of the parties' oldest child, and Noble, still residing in Georgia, the primary physical custodian of the parties' four younger children. The March 2017 order expressly reserved the issue of child

support for a later order, stating the court reserved "the right to hold a hearing regarding child support if this issue cannot be resolved by the parties and counsel."

After a hearing on June 22, 2017, the juvenile court entered the appealed order providing for child support on July 6, 2017. The juvenile court ordered McGinn to pay Noble $754 per month in child support and ordered Noble to pay McGinn nothing, which constituted a deviation from the presumptive amount of child support under Georgia's child support guidelines. We granted McGinn's application for a discretionary appeal.[1] She contends the juvenile court erred in several respects: (1) in including in her income as a fringe benefit of employment free tuition that she received through her employer; (2) in awarding Noble a deviation of $1,377 from the presumptive amount of child support, purportedly based on an increase in Noble's living expenses due to McGinn's relocation to New Hampshire; (3) in refusing to award her a deviation for her visitation-related travel expenses; (4) and in adjusting Noble's presumptive amount of child support for the health insurance he pays for the four children in his custody while failing to award her an adjustment for the health insurance premium she pays for the child in her custody. For the reasons explained

_____

[1] See OCGA § 5-6-35 (a) (2).

below, we reverse as to the tuition benefit and the deviation of $1,377 but otherwise affirm.

> In the appellate review of a bench trial, this Court will not set aside the trial court's factual findings unless they are clearly erroneous, and this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses. The standard by which findings of fact are reviewed is the "any evidence" rule, under which a finding by the trial court supported by any evidence must be upheld.

(Citations and punctuation omitted.) *Franklin v. Franklin*, 294 Ga. 204, 205 (751 SE2d 411) (2013).

> [Q]ualitative determinations regarding deviation from the presumptive amount of child support are committed to the discretion of the court or jury. Accordingly, we review any findings based on disputed facts or witness credibility under the clearly erroneous standard, and we review the decision to deviate, or not to deviate, from the presumptive amount of child support under the abuse of discretion standard.

(Citation and punctuation omitted.) *Parker v. Parker*, 293 Ga. 300, 304 (2) (745 SE2d 605) (2013).

1. As a preliminary matter, we note that McGinn argues that the trial court erred in entering the child support order over her objection that the order, which was

3

drafted by Noble's counsel, did not comport with the trial court's oral ruling at the hearing. Under Georgia law, however,

> an oral pronouncement by a trial court during a hearing is not a judgment until it is reduced to writing and entered as a judgment. An oral pronouncement [explaining how the court intends to rule] is not binding. It may provide insight on the intent of a later written judgment, but any discrepancy between the written judgment and oral pronouncement is resolved in favor of the written judgment.

(Citations and punctuation omitted.) *Williams v. Williams*, 295 Ga. 113, 114 (1) (757 SE2d 859) (2014). We will not assume from the fact that counsel for Noble drafted the final order that the order did not memorialize the trial court's intended ruling. Rather, in light of the fact that the trial court declined to modify the order after McGinn objected on this basis, we must presume the contrary. See *Fuller v. Fuller* 279 Ga. 805, 806 (1) (621 SE2d 419) (2005) ("Even when a trial court adopts a proposed order verbatim, the findings of fact therein are those of the court and may be reversed only if they are clearly erroneous.") (citations and punctuation omitted); *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 739 (5) (698 SE2d 19) (2010) ("[A] trial court's adoption, verbatim, of a proposed order drafted by a party does not

4

constitute an abuse of discretion.") (citations and punctuation omitted). This argument presents no basis for reversal.

2. McGinn contends that the juvenile court erred in calculating her gross income by including as a fringe benefit of her employment free tuition provided by the university she works for.[2] Generally speaking, a court determining the child support responsibility of a parent must follow Georgia's statutory child support guidelines.[3] The guidelines instruct a court to determine the parents' gross incomes and apply specified adjustments. OCGA § 19-6-15 (b), (f). The guidelines provide:

> Fringe benefits for inclusion as income or "in kind" remuneration received by a parent in the course of employment, or operation of a trade or business, shall be counted as income if the benefits significantly reduce personal living expenses. Such fringe benefits might include, but are not limited to, use of a company car, housing, or room and board.

[2] To determine the value of the tuition benefit, the trial court accepted McGinn's explanation that the total benefit available was $960 tuition per course multiplied by 6, the maximum number of courses she could take going forward, divided by twelve to get a monthly value of $480. As McGinn explained at the child support hearing, the tuition benefit would end once she completed six more courses and was therefore "only a temporary situation."

[3] See OCGA § 19-6-15 (c) (1) ("The child support guidelines contained in this Code section are a minimum basis for determining the amount of child support and shall apply as a rebuttable presumption in all legal proceedings involving the child support responsibility of a parent."); *Stowell v. Huguenard*, 288 Ga. 628 (706 SE2d 419) (2011); *Roberts v. Tharp*, 286 Ga. 579, 580 (1) (690 SE2d 404) (2010).

Fringe benefits shall not include employee benefits that are typically added to the salary, wage, or other compensation that a parent may receive as a standard added benefit, including, but not limited to, employer paid portions of health insurance premiums or employer contributions to a retirement or pension plan.

OCGA § 19-6-15 (f) (1) (C).

The guidelines do not otherwise define "personal living expenses," and we find no precedent addressing whether college tuition is included in the broad category of personal living expenses. Common sense would suggest that "personal living expenses," as opposed to "personal expenses," denotes those expenses that are necessary to maintaining daily life, such as food, shelter, transportation to and from employment, etc., not those that may be forgone or deferred.[4] Because the tuition benefit did not significantly reduce McGinn's personal living expenses, the trial court erred in considering those payments as a fringe benefit to be included in her gross income. *Scott v. Scott*, 297 Ga. 775, 776-778 (778 SE2d 230) (2015).

---

[4] *Simmons v. Simmons*, 288 Ga. 670, 671 (2) (706 SE2d 456) (2011) (An employer's payment of the expenses for the company-owned vehicle used by a party (loan payments, fuel, taxes, insurance, and repairs), for his cell phone, and for some meals were properly considered fringe benefits and included in gross income because the benefits significantly reduced his personal living expenses.).

6

3. McGinn contends that the juvenile court erred in awarding Noble a nonspecific deviation of $1,377 from the presumptive amount of child support for the child who lives with her.

A finder of fact may in its discretion deviate from the presumptive amount for any of eleven specified reasons or for another reason under a catch-all "[n]onspecific" category. OCGA § 19-6-15 (b) (8) (L).[5] Any deviation must be "supported by the required findings of fact and application of the best interest of the child standard." OCGA § 19-6-15 (b) (8). A deviation must be based on a finding "that an amount of child support other than the amount calculated is reasonably necessary to provide for the needs of the child for whom child support is being determined[.]" OCGA § 19-6-15 (i) (1) (B). The findings must be in writing and shall state:

> (i) The reasons for the deviation from the presumptive amount of child support;
> (ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and
> (iii) How, in [the fact finder's] determination:

---

[5] See OCGA § 19-6-15 (i) (1) (A) ("The amount of child support established by this Code section and the presumptive amount of child support are rebuttable and the court or the jury may deviate from the presumptive amount of child support in compliance with this subsection. In deviating from the presumptive amount of child support, primary consideration shall be given to the best interest of the child for whom support under this Code section is being determined. A nonparent custodian's expenses may be the basis for a deviation.").

(I) Application of the presumptive amount of child support would be unjust or inappropriate; and

(II) The best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support.

OCGA § 19-6-15 (i) (1) (B).[6]

The record shows that, based on Noble's gross monthly income of $9,745.83, the presumptive amount of his child support obligation for the child who lives with McGinn was $1,122.33, after adjusting for health insurance expenses. At the child support hearing in June 2017, Noble's counsel requested a nonspecific deviation from the presumptive child support of $1,377 per month. He argued that McGinn's decision to move to New Hampshire forced Noble to lease a second, larger residence because his house was too small for him and the children. He stated that, although Noble could put the house up for sale, rather than continue carrying the mortgage and other expenses, he did not want to do so and that fairness required a deviation because McGinn's actions forced him to maintain two different households. McGinn

[6] See also OCGA § 19-6-15 (c) (2) (E) (requiring written findings of fact regarding whether any deviation applies, setting forth the reasons for any deviation from the presumptive amount of child support; the presumptive amount of child support under the guidelines; how the presumptive amount would be unjust or inappropriate considering the relative ability of each parent to provide support; and how the best interest of the child is served by deviation from the presumptive amount).

objected to the deviation. In the final order, the juvenile court allowed the requested nonspecific deviation of $1,377 per month "because [Noble's] living expenses increased due to [McGinn's] relocation to New Hampshire." Because the deviation exceeded the presumptive child support amount, the ruling reduced Noble's obligation to zero.

McGinn contends that the award of a nonspecific deviation to Noble must be reversed because the juvenile court did not support its award with the statutorily-required findings of fact. We agree. The order does not contain a finding of how application of the presumptive amount of child support would be unjust or inappropriate or how the best interest of the children for whom support was being determined will be served by deviation from the presumptive amount of child support. Because the juvenile court awarded a discretionary downward deviation in the amount of child support, but failed to comply with the appropriate statutory requirements of supporting findings, the final order must be reversed and the case remanded for further proceedings consistent with this opinion. *Crook v. Crook*, 293 Ga. 867, 870 (2) (750 SE2d 334) (2013).

We note that McGinn also contends that the juvenile court's deviation from the presumptive child support obligation could not have been based on the evidence, as

required, because Noble failed to file a financial affidavit and did not testify at the child support hearing.[7] Noble responds that, because McGinn did not request that the earlier evidentiary hearings be transcribed and made a part of the appellate record, this Court must presume that the juvenile court's judgment was supported by evidence.[8] The juvenile court's "failure to make mandatory written findings overcomes the presumption of regularity, [however,] and even assuming that there was evidence to support the [lower] court's actions, there must first be the required findings of fact for review so that this Court can know that the [lower] court considered the correct factors in exercising its discretion." (Citation omitted.) *Crook v. Crook*, 293 Ga. at 870 (2). Consequently, at this time we need not resolve the issue

---

[7] See *Franklin v. Franklin*, 294 Ga. at 206-207 (1) (reversing a child support order, where the evidence did not support the trial court's calculation of the mother's gross monthly income and remanding for entry of an award based on the evidence); *Parker v. Parker*, 293 Ga. at 306-308 (3).

[8] McGinn contends that Noble "did not request a non-specific deviation of $1,377 at the evidentiary hearings in September 2016, because, at that time, *[she] still lived in Georgia and had not yet relocated to New Hampshire.*" Noble asserts on the other hand that "[s]ubstantial evidence was presented concerning the respective incomes and finances of the parties as well as the needs of the children" at evidentiary proceedings that occurred in this case on September 15 and 19, 2016. It is not clear from the appellate record when McGinn relocated to New Hampshire, although she submitted a list of visitation-related travel expenses that included a flight from Georgia in August 2016, before the September 2016 hearings.

whether the juvenile court's deviation from the presumptive child support obligation was properly supported by evidence.

4. McGinn contends that the juvenile court abused its discretion in refusing to award her a deviation for her visitation-related travel expenses. The record shows that the parties had previously agreed to a deviation for travel expenses, which was incorporated into an earlier child support order, but Noble opposed the deviation in the instant proceeding. Whether to grant a request for a deviation from the child support guidelines for a parent's visitation-related travel expenses is discretionary with the court. See OCGA § 19-6-15 (b) (8), (i) (2) (F); *Parker v. Parker*, 293 Ga. at 305-306 (2); *Black v. Black*, 292 Ga. 691, 697 (4) (a) (740 SE2d 613) (2013). The juvenile court was not bound by the earlier consent order. Furthermore, McGinn's failure to cite in her appellate brief to any legal authority supporting her position is fatal to this claim of error. See Court of Appeals Rule 25 (c) (2) ("Any enumerat[ed] error that is not supported in the brief by citation of authority or argument may be deemed abandoned.").

5. McGinn contends that the juvenile court erred in failing to adjust her child support obligation for the $69 monthly health insurance premium she pays for the child who lives with her. Although the juvenile court announced at the hearing that

11

it was "denying the health, vision, dental deviation," the final order indicates that court denied deviations only for vision and dental insurance premiums. And the work sheets attached to the final order shows that the court in fact made the adjustment for the $69 health insurance premium. Thus, the appellate record does not support her factual premise.

In addition, McGinn contends that the juvenile court erred in adjusting Noble's child support obligation for the health insurance he pays for the four children who live with him, because he offered no proof of the premiums at the hearing conducted in June 2017 on the issue of child support. Again, Noble contends that, because McGinn did not request that evidentiary hearings in this litigation conducted in September 2016 be transcribed and made a part of the appellate record, this Court must presume that the juvenile court's judgment was supported by evidence. To this McGinn responds only that Noble "may have provided proof of the cost of his health insurance at the evidentiary hearings in September 2016, but he did not submit proof [of] the current cost at the child support hearing on June 22, 2017." In light of this concession, we will apply the presumption of regularity in this instance. *Reed v. Reed*, 295 Ga. 574, 578 (2) (761 SE2d 326) (2014) ("In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript

that there was sufficient competent evidence to support the trial court's findings.") (citation and punctuation omitted); *Thompson v. Thompson*, 288 Ga. 4, 6 (2) (700 SE2d 569) (2010) (accord).

*Judgment affirmed in part and reversed in part. Bethel, J., and Senior Appellate Judge Herbert E. Phipps concur*.