**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 24, 2025**

# In the Court of Appeals of Georgia

A24A1570. RODGERS v. RODGERS.

WATKINS, Judge.

Melissa Rodgers (the "mother") appeals from an interlocutory order transferring this change-of-custody case to juvenile court. Because the mother failed to follow the proper procedure for seeking appellate review, this direct appeal must be dismissed.

Shortly after the superior court entered a divorce decree adopting a mediated settlement agreement and giving Bryan Rodgers (the "father") primary physical custody of the parties' four children,[1] the mother filed a petition to change custody and visitation. Following several hearings, the superior court entered a third

---

[1] See generally *Rodgers v. Rodgers*, 358 Ga. App. 223 (854 SE2d 558) (2021) (appeal from final order in parties' divorce case).

temporary order on January 9, 2024, awarding primary physical custody to the mother.

Then, following a hearing on February 8, 2024, the superior court entered a fourth temporary order, leaving the prior custody arrangement in place but transferring the case to juvenile court for final disposition. The mother filed a notice of appeal from this order. We, however, lack jurisdiction.

> [T]his Court has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly. As our Supreme Court has advised, litigants must review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35. We consider the underlying subject matter here to determine whether a discretionary application was required in order to appeal.[2]

Under OCGA § 5-6-35 (a) (2), a party seeking appellate review in a domestic relations case must follow the discretionary appeal procedures. Under OCGA § 5-6-34 (a) (11), however, a party is entitled to appeal directly from "[a]ll judgments or orders

---

[2] (Citations and punctuation omitted.) *Duffy v. Sanders*, 354 Ga. App. 684 (841 SE2d 415) (2020); see also OCGA § 15-1-2.

in child custody cases awarding, refusing to change, or modifying child custody[.]"[3] Where, as here, an appeal is from a chid custody case, we look to the issue raised on appeal to determine whether a direct appeal is permitted.[4]

In the jurisdictional statement in her appellant's brief, the mother argues that her direct appeal "is authorized by OCGA § 5-6-34 (a) (11) as the order appealed from expressly declined to modify custody of [her] children from the immediately preceding custody order of January [9], 2024." However, she does not challenge any custody rulings on appeal. Instead, the mother argues that the superior court abused its discretion in finding the children "deprived,"[5] abruptly terminating the hearing, and transferring the case to juvenile court. In related claims of error, the mother contends that the superior court erred in expanding the scope of the February 8 hearing. Because the mother is not challenging any custody ruling in this appeal, she is not entitled to a direct appeal under OCGA § 5-6-34 (a) (11).[6]

---

[3] OCGA § 5-6-34 (a) (11).

[4] See *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017).

[5] We note that the superior court explicitly did not include this finding in the written transfer order. The court's oral pronouncement on the record is thus not binding. See *Black v. Ferlingere*, 333 Ga. App. 789, 790-791 (1) (777 SE2d 268) (2015).

[6] See *Voyles*, 301 Ga. at 47.

Accordingly, the mother was required to comply with the discretionary appeal procedure to obtain review of the trial court's order.[7] Her failure to do so deprives us of jurisdiction over this direct appeal,[8] and the appeal must be dismissed.[9]

*Appeal dismissed. Doyle, P. J., and Hodges, J., concur.*

---

[7] See OCGA § 5-6-35 (a) (2), (b). The mother's alternative argument that the order appealed from is "final" (in that it is no longer pending in the superior court) is without merit. See *In the Interest of W. L.*, 335 Ga. App. 561, 562-563 (782 SE2d 464) (2016); see also OCGA § 15-11-15 (a) ("In handling divorce, alimony, habeas corpus, or other cases involving the custody of a child, a superior court may transfer the question of the determination of custody, support, or custody and support to the juvenile court either for investigation and a report back to the superior court or for investigation and determination.").

[8] See *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257 (471 SE2d 60) (1996) ("Compliance with the discretionary appeals procedure is jurisdictional.").

[9] See *Murphy v. Murphy*, 322 Ga. App. 829, 829-830 (747 SE2d 21) (2013) (dismissing appeal from interlocutory order denying motion to recuse the trial court judge in a change-of-custody case and noting that the 2013 amendment to § 5-6-34 (a) (11) limited the scope of orders in child custody cases that are subject to direct appeal).