S13A1165. CROOK v. CROOK.
(750 SE2d 334)

HINES, Presiding Justice.

This Court granted discretionary appeal of the judgment of the Superior Court of Fayette County entered on a petition for modification of child custody and consequent support. For the reasons that follow, we reverse the judgment of the superior court and remand the case for further proceedings.

Gregory Ellis Crook ("Father") and Janet Bell Crook ("Mother") were divorced on May 26, 2011. The final judgment and decree of divorce ("Decree"), which expressly incorporated the parties' settlement agreement, awarded the parties joint legal custody of their two minor children; it designated Father as the primary physical custodian, and provided that, with the exception of specified holiday and summer visitation, the children would live with each parent on alternating weeks. The Decree included a deviation from the statutorily prescribed amount of child support based on the parents' agreement that "neither party shall pay child support to the other," which deviation the superior court found to be in the children's best interests.

On November 17, 2011, Mother filed a petition for modification of child custody, asking, inter alia, that she be given primary physical custody of the children[1] and that there be an award of child support "in an amount commensurate with established guidelines." On December 15, 2011, Father filed a response, asking that the petition for modification be dismissed for failure to state a claim.[2] Following a series of delays due to multiple judicial recusals, the superior court conducted an evidentiary hearing which was not transcribed.

On December 20, 2012, the superior court entered a final order granting Wife's petition for modification; the parties retained joint legal custody, but Wife was given primary physical custody and

---

[1] The petition referenced an "Affidavit of Election of Minor," in which the parties' son, who would turn 14 on December 26, 2011, stated his desire to live with Mother.

[2] The response included a motion for contempt against Mother for her alleged taking and refusal to return an item of personalty awarded to Father.

Husband was awarded limited, but escalating visitation.[3] With respect to child support, the superior court found that Father's gross monthly earnings were $17,135 and imputed gross monthly income of $4,300 to Mother. The court expressly determined that based upon the child support guidelines, the total basic child support obligation was $2,677 per month, with Father being responsible for 79.31% or $2,123.13, and Mother being responsible for 20.69% or $553.87. It made no findings as to each parent's "adjusted child support obligation"[4] or each parent's "presumptive amount of child support,"[5] which are statutory terms related to adjustments for costs of health insurance and child care. The order provided that Father was to pay Mother $1,000 monthly child support, merely stating: "This is a Deviation because of *shared custody and history of the parties.*" (Emphasis supplied.) There are no child support worksheets or support schedules attached to or referenced in this final order.

This Court granted Mother's application for discretionary appeal to determine whether, on the present record, the superior court erred in applying a "parenting time deviation" to Father's "presumptive amount of child support" on the cited bases of "shared custody" and "history of the parties."

1. OCGA § 19-6-15 (g) permits the factfinder, in this case the superior court, to apply a "parenting time deviation" from the "presumptive amount of child support" as provided in OCGA § 19-6-15 (i) (2) (K) (i), which states that such deviation may be made "when special circumstances make the presumptive amount of child support excessive or inadequate *due to extended parenting time* as set forth in the order of visitation *or when the child resides with both parents equally.*" (Emphasis supplied.) Thus, a threshold determination is the "presumptive amount of child support," and as noted, the superior court failed to make any findings in this regard. Further, the superior court did not cite "extended parenting time" as a basis for its support deviation, but specified as its only justification for the apparent decrease in support "shared custody" and the parties' "history." There

---

[3] For December 2012, Father was awarded daytime visitation every Saturday and Sunday and two hours of evening visitation every Wednesday; for January 2013, Father was awarded one overnight visit every other weekend and a two-hour evening visit every Wednesday; for February 2013, Father was awarded full weekend visitation every other weekend and two hours of evening visitation on the Wednesdays that he did not have weekend visitation; thereafter, Father was to have visitation the first and third weekends of the month, two hours every Wednesday evening, two weeks in the summer, and alternating major holidays.

[4] OCGA § 19-6-15 (a) (1) defines "adjusted child support obligation" as "the basic child support obligation adjusted by health insurance and work related child care costs."

[5] OCGA § 19-6-15 (a) (19) defines "[p]resumptive amount of child support" as "the basic child support obligation including health insurance and work related child care costs."

was no elaboration or explanation of the term "history," that is, whether this referred to prior custodial arrangements, financial history, or otherwise. In any event, the "history" of the parties is not a ground for a deviation in support under OCGA § 19-6-15 (i) (2) (K). The only other statutory basis to "extended parenting time" under subsection (i) (2) (K) is that the child or children reside with both parents "equally." This comports with OCGA § 19-9-6 (6), which defines "[j]oint physical custody" as that which is "shared by the parents in such a way as to assure the child of substantially equal time and contact with both parents." Thus, for the purpose of a deviation in support pursuant to OCGA § 19-6-15 (i) (2) (K), the finding of "shared custody" in this case would have to amount to substantially "equal" physical custody, and the plain provisions of the modified physical custody awarded Father, even viewed with all escalations in visitation, fall far short of the children's physical custody with Father being substantially equal to that with Mother. Therefore, there was no articulated basis under OCGA § 19-6-15 (i) (2) (K) for application of a specified discretionary deviation from the presumptive child support obligation.

2. OCGA § 19-6-15 (i) (3)[6] gives the trial court authority to order nonspecific deviations from the presumptive amount of child support, but even assuming arguendo, that a deviation based upon "history of the parties" or "shared custody" falls into this category, that is not the end of the inquiry. The trial court is not relieved of the statutory requirements of OCGA § 19-6-15 (c) (2) (E),[7] which mandate that the

---

[6] OCGA § 19-6-15 (i) (3) provides:
> **Nonspecific Deviations.** Deviations from the presumptive amount of child support may be appropriate for reasons in addition to those established under this subsection when the court or the jury finds it is in the best interest of the child.

[7] OCGA § 19-6-15 (c) (2) (E) states:
> The provisions of this Code section shall not apply with respect to any divorce case in which there are no minor children, except to the limited extent authorized by subsection (e) of this Code section. In the final judgment or decree in a divorce case in which there are minor children, or in other cases which are governed by the provisions of this Code section, the court shall:
> . . .
> (E) Include written findings of fact as to whether one or more of the deviations allowed under this Code section are applicable, and if one or more such deviations are applicable as determined by the court or the jury, the written findings of fact shall further set forth:
> (i) The reasons the court or the jury deviated from the presumptive amount of child support;
> (ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and
> (iii) A finding that states how the court's or the jury's application of the child support guidelines would be unjust

court make certain written findings of fact, or those of OCGA § 19-6-15, subsections (c) (4)[8] and (m) (1),[9] which direct that the final order include and have attached a child support worksheet, and Schedule E. Furthermore, OCGA § 19-6-15 (i) (3) provides that the court may deviate from the presumptive amount of child support for reasons not specified, only when it is in the best interest of the minor child or children at issue. There was no finding in this regard either. Thus, the order of modification is further flawed because it fails to comply with the statutory requirements of supporting findings and documentation.

Father cites the fact that there was no transcript of the modification hearing prepared or filed with the appeal, and thus, relies upon a resulting presumption of regularity. However, the failure to make mandatory written findings overcomes the presumption of regularity, and even assuming that there was evidence to support the superior court's actions, there must first be the required findings of fact for review so that this Court can know that the superior court considered the correct factors in exercising its discretion. *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 515 (3) (690 SE2d 378) (2010).

Because the superior court awarded a discretionary downward deviation in the amount of child support, but failed to comply with the appropriate statutory requirements, the final order must be reversed and the case remanded to the superior court for further proceedings consistent with this opinion. *Spurlock*, supra at 516-517 (3).

*Judgment reversed and case remanded. All the Justices concur.*

---

or inappropriate considering the relative ability of each parent to provide support and how the best interest of the child who is subject to the child support determination is served by deviation from the presumptive amount of child support[.]

[8] OCGA § 19-6-15 (c) (4) provides:

In all cases, the parties shall submit to the court their worksheets and schedules and the presence or absence of other factors to be considered by the court pursuant to the provisions of this Code section. The child support worksheet and, if there are any deviations, Schedule E shall be attached to the final court order or judgment; provided, however, that any order entered pursuant to Code Section 19-13-4 shall not be required to have such worksheet and schedule attached thereto.

[9] OCGA § 19-6-15 (m) (1) provides:

The child support worksheet shall be used to record information necessary to determine and calculate child support. Schedules and worksheets shall be prepared by the parties for purposes of calculating the amount of child support. Information from the schedules shall be entered on the child support worksheet. The child support worksheet and, if there are any deviations, Schedule E shall be attached to the final court order or judgment; provided, however, that any order entered pursuant to Code Section 19-13-4 shall not be required to have such worksheet and schedule attached thereto.

DECIDED OCTOBER 21, 2013.

*Hill-MacDonald, Vic B. Hill, Brad E. MacDonald*, for appellant.
*Connell & Wheeler, Alan W. Connell*, for appellee.