301 Ga. 209
FINAL COPY

S17A0759. HEINTZ v. HEINTZ.

M<small>ELTON</small>, Presiding Justice.

Following the trial court's grant of a motion to modify child support filed by Kathy Heintz (Mother), Ryan Heintz (Father) filed an application for a discretionary appeal, which this Court granted. We issued the following three questions to the parties: (1) Did the trial court err in applying a deviation from the presumptive amount of child support for extraordinary educational expenses without complying with OCGA § 19-6-15 (c) (2) (E)?; (2) Did the trial court err in ordering that child support would continue until the child reached the age of 20? See OCGA § 19-6-15 (e); (3) Did the trial court err in adjusting Mother's gross income for a preexisting child support order under OCGA § 19-6-15 (f) (5) (B)? For the reasons set forth below, we find that the trial court erred in all three aspects.

The record shows that Father and Mother were divorced in 2006, and they have one son, who is currently a teenager. In 2016, Mother filed the underlying

action to modify child support. Due to her son's behavioral problems, Mother enrolled him in a private military school and requested an increase in child support from Father to help pay the tuition. On July 26, 2016, the trial court granted Mother's request, and it applied a deviation from the presumptive amount of child support for extraordinary educational expenses. See OCGA § 19-6-15 (i) (2) (J) (i). The trial court further ordered, without limitation, that the increased child support payments had to be made by Father until the parties' child became 20 years old. By entering this order, the trial court committed three errors.

First, the trial court erred in applying a deviation from the presumptive amount of child support for extraordinary educational expenses without complying with OCGA § 19-6-15 (c) (2) (E). This section requires a trial court to

> [i]nclude written findings of fact as to whether one or more of the deviations allowed under this Code section are applicable, and if one or more such deviations are applicable as determined by the court or the jury, the written findings of fact shall further set forth: (i) The reasons the court or the jury deviated from the presumptive amount of child support; (ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and (iii) A finding that states how the court's or the jury's application

2

of the child support guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support and how the best interest of the child who is subject to the child support determination is served by deviation from the presumptive amount of child support.

In its order, the trial court did find that enrollment in the military academy significantly improved the child's behavior, thereby satisfying the requirement to state the reasons for the deviation. The trial court, however, made no findings with regard to the other two required factors. As such, the award of the deviation from child support must be reversed for this reason alone. See Crook v. Crook, 293 Ga. 867 (2) (750 SE2d 334) (2013).

Second, the trial court erred in its award of the deviation amount until the parties' son "shall reach the age of twenty (20), die, marry, or become self-supporting, whichever shall first occur." OCGA § 19-6-15 (e) provides:

The duty to provide support for a minor child shall continue until the child reaches the age of majority, dies, marries, or becomes emancipated, whichever first occurs; provided, however, that, in any temporary, final, or modified order for child support with respect to any proceeding for divorce, separate maintenance, legitimacy, or paternity entered on or after July 1, 1992, the court, in the exercise of sound discretion, may direct either or both parents to provide financial assistance to a child who has not previously married or become emancipated, *who is enrolled in and attending a secondary school*, and who has attained the age of majority before completing his or her secondary school education, provided that

3

such financial assistance shall not be required after a child attains 20 years of age. . . .

(Emphasis supplied.) In its ruling, the trial court omitted any requirement that the parties' son be enrolled in and attending secondary school to extend support beyond the age of majority. For this reason, the trial court did not comply with the plain language of the statute.

Third and finally, the trial court erred in adjusting Mother's gross income for a preexisting child support order under OCGA § 19-6-15 (f) (5) (B), which provides:

> An adjustment to the parent's monthly gross income shall be made on the Child Support Schedule B — Adjusted Income for current preexisting orders for a period of not less than 12 months immediately prior to the date of the hearing or such period that an order has been in effect if less than 12 months prior to the date of the hearing before the court to set, modify, or enforce child support.

It is undisputed, however, that no such preexisting child support order satisfying the time qualifications of the statute exists.[1] Therefore, the trial court's modification of a non-existent order is simply a nullity and must be vacated.

---

[1] Though the Child Support Addendum attached to the trial court's order lists a prior monthly child support payment of $250 by Mother, there is no indication as to where the trial court got this figure, and Mother concedes that it is incorrect because no preexisting order was ever in place.

4

Therefore, for all of the reasons set forth above, the trial court's award of a deviation from the presumptive amount of child support without necessary findings and for an improper duration is reversed, and the case is remanded to the superior court for further proceedings consistent with this opinion. Crook, supra, 293 Ga. at 870 (2). As stated, that portion of the trial court's order modifying a preexisting order that never existed is vacated.

Judgment reversed in part and vacated in part, and case remanded. All the Justices concur.

Decided May 15, 2017.

Domestic relations. Gwinnett Superior Court. Before Judge Duncan, pro hac vice.

Hill-Macdonald, Vic B. Hill, Brad E. Macdonald, for appellant.

Eric J. Tatum, for appellee.