A97A1112. OSBORNE BONDING & SURETY COMPANY v. STATE OF GEORGIA.
(491 SE2d 837)

RUFFIN, Judge.

Osborne Bonding & Surety Company ("Osborne") appeals from a final judgment entered against it and Eduardo Mejia on a forfeited criminal appearance bond. For reasons which follow, we affirm.

The record shows that Mejia, as principal, and Osborne, as surety, were jointly and severally liable under the bond. After Mejia failed to appear in Clayton County Superior Court as required by the bond, the trial court forfeited the bond and set a hearing date for Osborne to show cause why final judgment should not be entered on the forfeiture. The trial court held the show cause hearing and, on November 15, 1996, dismissed the case without prejudice. By order dated December 2, 1996, the trial court subsequently vacated the dismissal and entered judgment against Mejia and Osborne for the bond amount plus costs.

1. Osborne first argues that the trial court erred in dismissing the case on November 15, 1996, without prejudice because the parties and the court agreed that the dismissal would be *with* prejudice. Osborne, however, has pointed to no evidence of such an agreement in the record. To the contrary, the dismissal order clearly shows that the State agreed to dismiss the case only *without* prejudice. Accordingly, we find no error here.

2. Osborne further claims that the trial court erred in vacating the dismissal order on December 2, 1996, and entering a final judgment of forfeiture. The trial court initially dismissed the action because the required hearing on the bond forfeiture was held outside the statutory period set forth in OCGA § 17-6-71 (a). Upon further review, however, the trial judge determined that the State's failure to hold the hearing within the statutory period did not excuse Osborne from its obligations under the bond. Thus, the trial court vacated the dismissal and entered final judgment of forfeiture.

On appeal, Osborne argues that (a) the trial court improperly concluded the bond was subject to forfeiture, and (b) the trial court had no authority to vacate the prior order of dismissal. We disagree.

(a) OCGA § 17-6-71 (a) provides that "[t]he judge shall, at the end of the court day, upon the failure of the principal to appear, forfeit the bond and order an execution hearing *not sooner than 120 days but not later than 150 days* after such failure to appear."

(Emphasis supplied.) It is undisputed that the execution hearing was held over 150 days after Mejia failed to appear. The trial court and the State calculate the delay as only three days, while Osborne apparently contends that the hearing was held four days late. Nevertheless, all agree that the hearing was untimely.

Citing this delay, Osborne argues that the State's failure to hold the hearing within the statutorily mandated 150 days precludes bond forfeiture. As we have previously held, however, "[a] surety must show harm as well as error before it will be relieved of liability based on failure to conduct an execution hearing within the time prescribed by OCGA § 17-6-71 (a). [Cit.]" *U. S. Bonds v. State of Ga.*, 224 Ga. App. 758, 759 (481 SE2d 887) (1997). The trial court specifically determined that Osborne suffered no harm from the hearing delay. We similarly find that Osborne has not presented any evidence of harm caused by the delay, which the parties agree was only a matter of days. Accordingly, the trial court did not err in entering judgment against Osborne on the forfeited bond.

(b) We further find no error in the trial court's decision to vacate its prior dismissal order. "A trial judge has the power during the same term of court at which a judgment is rendered to reverse, correct, revoke, modify or vacate the judgment in the exercise of his discretion. [Cit.]" *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979). By vacating a judgment, the trial court returns the case to the posture it occupied prior to that judgment. Id. See also *Daza v. State of Ga.*, 224 Ga. App. 383, 384 (480 SE2d 622) (1997). The trial court's exercise of this inherent power will not be reversed absent manifest abuse of discretion. *Young Constr. v. Old Hickory House #3*, 210 Ga. App. 559, 561 (2) (b) (436 SE2d 581) (1993).

The terms of the Superior Court of Clayton County commence on the first Monday in February, May, August, and November. OCGA § 15-6-3 (10). The order of dismissal was entered during the November 1996 term. See id. The trial court vacated the dismissal later in that same term, on December 2, 1996. As noted above, we found no error in the trial court's conclusion that the case should not be dismissed because Osborne remained liable under the terms of the bond, despite the hearing delay. Accordingly, the trial court did not abuse its discretion in vacating the November 15, 1996 order of dismissal. *Bank of Cumming*, supra; *Young Constr.*, supra.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 4, 1997 —

*Stephen E. Boswell*, for appellant.

*Robert E. Keller, District Attorney, Donald M. Comer II, Brian J. Amero, Assistant District Attorneys*, for appellee.