S05A2090. PORTER-MARTIN v. MARTIN.
(625 SE2d 743)

MELTON, Justice.

In this discretionary appeal, Allison Porter-Martin ("Wife") contends that the trial court erred by granting Steven Martin's ("Husband") request to correct the amount of his income set forth in a final decree of divorce pursuant to OCGA § 9-11-60 (d) without setting aside the judgment. Because OCGA § 9-11-60 (d) does not authorize a substantive correction without also setting aside the judgment, we reverse.

The record shows that, on January 30, 2003, the parties were divorced pursuant to a final decree which incorporated a separation agreement entered into the prior day. In the final divorce decree, Husband's gross income was purposefully listed as $160,000 annually,[1] and he was required to pay child support in the negotiated amount of $3,250 per month. It is undisputed that Husband received a copy of the divorce decree after it was filed, and he raised no objection at that time to the amount of his gross income stated therein. Over two years later, however, Husband filed a motion to set aside and correct the final divorce decree pursuant to OCGA § 9-11-60 (d), arguing that the amount of his income had been stated as $160,000 due to a mistake or accident.

The subsequent hearing on Husband's motion, however, unequivocally shows that Husband was not asking the trial court to set aside the judgment of divorce pursuant to OCGA § 9-11-60 (d) as his motion purported; instead, he merely wanted the trial court to correct the amount of his gross income while allowing the judgment to stand. In its order, after citing OCGA § 9-11-60 (d), the trial court granted Husband's request to correct the divorce decree, but it did not set aside the judgment.

OCGA § 9-11-60 (d) does not authorize the trial court's action. It provides that, in certain enumerated instances, an entire judgment may be set aside. It does not authorize a trial court to revise a single finding of fact while leaving the judgment untouched, as the trial court did in this case. Therefore, the trial court erred.

Contrary to Husband's arguments, OCGA § 9-11-60 (g) does not alter the outcome in this case. That Code section provides: "Clerical mistakes in judgments . . . and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Here, the error complained of is neither a clerical mistake nor an error arising from oversight or omission. To the contrary, the record indicates that the income listed for the Husband on the final divorce decree was purposefully stated as $160,000, and, unless the divorce decree is actually set aside, the stated amount of Husband's income is conclusive. *Hulett v. Sutherland*, 276 Ga. 596, 597 (581 SE2d 11) (2003). As such, Husband's stated income is a substantive matter which OCGA § 9-11-60 (g) does not reach.[2] *Clark*

---

[1] Wife's attorney, who prepared the divorce decree, testified that, after the parties settled on the amount of monthly child support, he calculated the amount of Husband's income and listed it as $160,000 to justify the child support payments under OCGA § 19-6-15. Husband now contends that he made considerably more than this amount at the time of the divorce, although that amount has subsequently declined.

[2] We do not consider the issue of whether the amount of Husband's income at the time of

*v. Ingram*, 150 Ga. App. 127, 129 (3) (257 SE2d 33) (1979). Furthermore, because Wife disputes Husband's contention that the amount of his income listed in the divorce decree was a mistake, the trial court had no authority to reform the decree in the manner that it did. See *Park v. Park*, 233 Ga. 36, 38 (209 SE2d 584) (1974) ("[I]f there is a factual dispute among or between the parties about the error or omission [in a divorce decree], the only way for the complaining party to rectify the alleged error or omission is by complaint in equity to set the judgment aside."). For all of these reasons, OCGA § 9-11-60 (g) is inapplicable in this case.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*Alison K. Arce*, for appellant.
*James C. Watkins*, for appellee.

---

the divorce was accurately stated on the divorce decree.