In the Supreme Court of Georgia

Decided:  January 19, 2016

S15A1704.  McFARLANE v. McFARLANE.

THOMPSON, Chief Justice.

Husband and wife were divorced in 2006.  Pursuant to the divorce decree, the parties were given joint custody of their two minor children; wife was awarded primary physical custody.  The decree gave husband "liberal visitation with the children as arranged from time to time" with wife.  If the parties could not agree on visitation, the decree set forth a detailed visitation schedule for the parties to follow.  Finally, the decree ordered husband to pay child support in the amount of $1,150 per month.

Husband brought the present action in 2011 seeking a modification of both custody and support.  Wife answered and counterclaimed, alleging husband was in contempt of his financial obligations under the decree.

Following a hearing, the trial court denied husband's request to change custody, but reduced husband's child support obligation to $740 per month. The trial court also found husband in arrears of his obligations to pay child

support, out-of-pocket medical expenses and health insurance premiums, and it ordered husband to pay these amounts to wife. Husband appeals.

1. A trial court's decision regarding a modification of custody will be upheld on appeal in the absence of a clear abuse of discretion, Haskell v. Haskell, 286 Ga. 112 (686 SE2d 102) (2009), and where there is any evidence to support the trial court's decision, this Court cannot say there was an abuse of discretion. Id. The evidence, including wife's testimony detailing her care for the children, was sufficient to support the trial court's refusal to modify custody.

2. Citing Moore v. Moore-McKinney, 297 Ga. App. 703 (678 SE2d 152) (2009), husband asserts the trial court erred in failing to incorporate a parenting plan in its modification order. We are compelled to agree.

In Moore, supra at 711, the Court of Appeals remanded the case to the trial court because the final order, which modified visitation, did not incorporate a parenting plan. In so doing, the Court of Appeals properly relied upon the clear command of OCGA § 19-9-1 (a): "The final decree in any legal action involving the custody of a child, including modification actions, shall incorporate a permanent parenting plan." See also Jewell v. McGinnis, 333 Ga. App. 108, 111-112 (4) (775 SE2d 539) (2015).

Wife asserts Moore is inapposite where, as here, the trial court denies a parent's modification request because the denial of a modification action leaves the previous parenting plan in place and makes a new parenting plan unnecessary. Pretermitting whether OCGA § 19-9-1 (a) requires a new parenting plan under these circumstances,[1] in this case no parenting plan was ever entered by the trial court. Although the divorce decree sets forth a visitation schedule in great detail, it cannot be said it complied with the requirements of a permanent parenting plan. See OCGA § 19-9-1 (b) (specifying the requirements for a parenting plan). In fact, it could not have complied inasmuch as it was entered in 2006 and there were no parenting plan requirements until January 1, 2008. Ga. L. 2007, p. 554, 569.

Because the trial court failed to enter a permanent parenting plan when it entered the modification order, we remand this case for compliance with the requirements of OCGA § 19-9-1. See Jewell v. McGinnis, supra.

3. Husband asserts that wife's claim for past due medical expenses was

---

[1] But see Williams v. Williams, 295 Ga. 113, 115 (2) (757 SE2d 859) (2014) (holding that order modifying visitation satisfied parenting plan requirement by explicitly stating that "[a]ll the terms and conditions of the original . . . Parenting Plan . . . [entered in the underlying action for divorce] not modified herein, shall remain in full force and effect unless same conflicts with this order").

barred by the doctrine of laches. See OCGA § 9-3-3. This assertion is without merit because husband has failed to show harm or prejudice. See Hall v. Trubey, 269 Ga. 197, 199 (1) (498 SE2d 258) (1998) (laches requires proof of harm caused by delay).

4. Husband claims the trial court erred in adopting wife's child support worksheet because it was inconsistent with the facts in evidence. However, husband fails to specify any alleged inconsistency between the worksheet and the evidence and has not shown how he was harmed. This claim fails of its own accord. See Gillespie v. Gillespie, 259 Ga. 838 (388 SE2d 688) (1990) (burden is on appellant to show error affirmatively by the record); Campbell v. Powell, 206 Ga. 768, 770 (58 SE2d 829) (1950) (onus on appellant to show error which caused injury).

5. The remaining enumerations of error are not supported by argument or citation of authority and are deemed abandoned. Supreme Court Rule 22. See also Brown v. Techdata Corp., 238 Ga. 622, 625 (234 SE2d 787) (1977) (enumeration of error not supported by argument or citation of authority will not be reviewed).

Judgment affirmed in part, vacated in part, and case remanded with direction. All the Justices concur.

4