**FOURTH DIVISION
ELLINGTON, P. J.,
BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 10, 2017**

# In the Court of Appeals of Georgia

A16A2156. EPSTINER v. SPEARS.

BRANCH, Judge.

In this child custody case, Rebecca Boehmer Epstiner appeals from an order of the Cherokee County Superior Court granting Tyler Dean Spears's motion to modify the order previously entered by the court as to the custody of the parties' minor child. Epstiner argues that although the original custody order did not accurately reflect the ruling of the trial court, counsel for Spears approved that order. She contends that because Spears bears some responsibility for the errors contained in the original order, OCGA § 9-11-60 did not authorize the trial court to set aside or amend that order. Epstiner further asserts that the trial court erred because its current order fails to meet the requirements for a custody modification order set forth in OCGA § 19-9-1 (b). We find no merit in Epstiner's claim that the trial court erred in

modifying the custody provisions of its previous order of judgment, and we therefore affirm the trial court's grant of Spears's motion. We agree with Epstiner, however, that the current order fails to comply with the applicable statutory requirements. We therefore vacate that order and remand for entry of a new order that complies with OCGA § 19-9-1 (b).

The relevant facts are undisputed and show that Epstiner and Spears are the parents of a minor child, L. B. S., born on December 10, 2010. In August 2013, Spears filed a Petition for Legitimation, Custody and Child Support as to L. B. S. A bench trial on that petition was held on April 22, 2015, and at the conclusion of that trial the court issued an oral ruling as to Spears's custody and visitation rights.[1] In its oral ruling, the trial court granted Spears supervised visitation for a period of time and stated that beginning October 30, 2015, Spears was granted unsupervised visitation every other weekend, with the visitation to begin on Fridays at 6:00 p. m. and end on Sundays at 6:00 p. m. The court directed counsel for Epstiner to draft an order reflecting the court's ruling. Both parties thereafter submitted a proposed order and the trial court copied language from each of those orders to create the final order of

---

[1] A transcript of the April 2015 bench trial is not included in the current record. Portions of that transcript, however, were read into the record at the April 2016 hearing in this case.

judgment, which was entered on April 29, 2015.[2] It is undisputed, however, that the judgment did not accurately reflect the court's oral ruling. Specifically, the order entered used language taken from the proposed order drafted by Epstiner's counsel which provided that Spears's weekend visitations would not begin until Saturday mornings, and which also imposed certain conditions on Spears's visitation that were not set forth in the trial court's oral ruling. Under the terms of the written order, if Spears was more than 15 minutes late in picking up his son for visitation, he forfeited the entire visitation period. Additionally, the order barred Spears from designating anyone other than himself from picking up the child if Spears was unable to pick up L. B. S. at the designated time.

Spears's prior counsel consented to the original order as to form, but there is no evidence showing that Spears saw or approved that order before it was entered. When Spears pointed out the errors in the order to his previous counsel, that attorney declined to attempt a remedy. Spears thereafter retained new counsel, and on February 2, 2016, he filed a Motion to Partially Set Aside Judgment or in the Alternative to Amend the Final Order on Petition for Legitimation, Custody, and

---

[2] The specific details of the visitation schedule were set forth in a parenting plan, which was attached to and incorporated by reference into the order of judgment. The appellate record, however, contains no copy of that parenting plan.

Child Support. By way of that motion, Spears sought to have the original order vacated and a new order entered that accurately reflected the trial court's oral ruling. Alternatively, Spears sought an amendment of the trial court's order to reflect the terms of visitation as set forth by the court in its oral ruling and to omit the conditions relating to the forfeiture of visitation and the restrictions on Spears's right to designate individuals who could pick up and drop off the child.

At the hearing on Spears's motion, the trial court read into the record its oral ruling as to visitation, as it appeared in the transcript of April 22, 2015. The court then held that the judgment entered did not reflect the court's ruling and that this mistake had occurred "through no fault of" Spears. Specifically, the court noted that the original order of judgment

> tracked the court's language exactly as [the court] dictated, and then it went off track and did not follow the [c]ourt's [oral] order as to overnight visitation . . . and deleted about 20 lines of the [c]ourt's [oral] order which addressed the weekend visitation from Friday night to Sunday evening. Once that was done . . . the order [again] tracked and the parenting plan tracked exactly what the [c]ourt dictated from the bench on the 22nd day of April 2015. This court cannot find that [the erroneous order] was a mistake or any fault of [Spears]. And short of saying that it was a deliberate move [by the mother's trial counsel] to

4

delete what this [c]ourt said, the [c]ourt's going to rely on the law and statutes to correct this oversight and mistake of the order.

The court thereafter entered a written order in which it relied on OCGA § 9-11-60 (d) (2) to grant Spears's motion. The current order purported to set aside the original judgment "as it relates to the visitation schedule between the Parties regarding the minor child beginning October 31, 2015." That order granted Spears "the visitation schedule rights that were originally granted [at the] April 22, 2015 [hearing] [,] according to the transcribed proceedings" and also gave Spears "overnight weekend visitation from Friday night to Sunday evening." Additionally, the current order provided that Spears "shall not be deemed to forfeit the entire visitation where he cannot personally pick up [the] child within a fifteen (15) minute grace period," and that Spears "may designate parties that are able to pick up the minor child in his absence." Epstiner now appeals from the current order.

1. Epstiner argues that the trial court was without authority to set aside its original judgment pursuant to OCGA § 9-11-60 (d) (2)[3] because, given that his attorney approved the erroneous order, Spears was not without fault with respect to

_____

[3] Under that statutory provision, a motion to set aside a judgment may be based upon "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." OCGA § 9-11-60 (d) (2).

that order. Regardless of whether Spears was entitled to have the judgment set aside, however, we find that given the order entered by the trial court, OCGA § 9-11-60 does not apply to this case.

Where a movant meets the requirements of OCGA § 9-11-60 (d), a trial court may set aside an entire judgment, thereby returning the case to the posture it occupied prior to the entry of judgment. See *Porter-Martin v. Martin*, 280 Ga. 150, 151 (625 SE2d 743) (2006); *Osborne Bonding & Surety Co. v. State*, 228 Ga. App. 383, 384 (2) (b) (491 SE2d 837) (1997). OCGA § 9-11-60 (d), however, does not authorize a court to revise or amend part of a judgment while leaving the judgment intact. *Porter-Martin*, 280 Ga. at 151. Here, although the trial court's current order purports to set aside its original order of judgment, the current order did not have that effect. Instead, the current order operated only to amend that portion of the original judgment that addressed Spears's visitation rights, leaving much of the judgment intact. And under Georgia law, we construe orders "according to their substance and function and not merely by nomenclature." *State v. Chapman*, 322 Ga. App. 82, 83 (744 SE2d 77) (2013) (citation and punctuation omitted). See also *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). Accordingly, we treat the current order as amending the visitation provisions of the original order of judgment,

6

rather than setting aside that judgment in its entirety. See *Chapman*, 322 Ga. App. at 83 (trial court's declaration of a mistrial following the entry of the verdict "[n]otwithstanding nomenclature . . . was in substance the sua sponte grant of a new trial, and we will therefore treat it as such"). The initial questions presented by this appeal, therefore, are whether the trial court was authorized to modify its original judgment and, if so, whether it properly exercised that authority. We answer both of these questions in the affirmative.

The relevant code section applicable to child custody actions provides, in part:

> In any case in which a judgment awarding the custody of a child has been entered, on the motion of any party or on the motion of the judge, that portion of the judgment effecting visitation rights between the parties and their child or parenting time may be subject to review and modification or alteration without the necessity of any showing of a change in any material conditions and circumstances of either party or the child, provided that the review and modification or alteration shall not be had more often than once in each two-year period following the date of entry of the judgment.

OCGA § 19-9-3 (b).

"A trial court's decision regarding a modification of custody will be upheld on appeal in the absence of a clear abuse of discretion, and where there is any evidence

7

to support the trial court's decision," we can find no abuse of discretion. *McFarlane v. McFarlane*, 298 Ga. 361 (1) (782 SE2d 29) (2016) (citation omitted). Here, the evidence showing that the original order of judgment did not accurately reflect the trial court's ruling was sufficient to support the trial court's decision to modify that judgment. Accordingly, we affirm the trial court's grant of Spears's motion to modify the original order of judgment entered on his Petition for Legitimation, Custody, and Child Support.[4] Id. (finding that some evidence, including the wife's testimony detailing the care she provided for the children, "was sufficient to support the trial court's [denial of husband's petition] to modify custody"). See also *Moore v. Moore-*

---

[4] Citing *Black v. Ferlingere*, 333 Ga. App. 789 (777 SE2d 268) (2015), Epstiner argues that the trial court abused its discretion in relying on the transcript of the April 2015 hearing to grant Spears's motion. Like this case, *Black* involved a motion to modify child custody. The father appealed the final judgment, arguing that the trial court erred when it entered a written order which differed in some respects from the oral statements the court made at the hearing on the modification petition. We affirmed the judgment, finding that it was supported by the evidence and that a "trial court's oral statements on the record [are] not binding." 333 Ga. App. at 791 (1) (footnote and punctuation omitted). We further explained that a "trial court's oral pronouncement is not a judgment until it is put in writing and entered as the judgment. Although [such] pronouncements on the record may provide insight on the intent of [the court's] subsequent written judgment, discrepancies between the two . . . must be resolved in favor of the written judgment." Id. at 790-791 (1) (punctuation omitted). The fact that a trial court is not bound by its oral pronouncements, however, does not preclude that court from modifying an order where, as here, it finds that the judgment entered does not accurately reflect the court's ruling.

8

*McKinney*, 297 Ga. App. 703, 708 (2) (b) (678 SE2d 152) (2009) (trial court did not abuse its discretion in modifying visitation provisions of a custody order, as the court's decision was supported by some evidence).

2. Epstiner also asserts that the trial court erred when it entered a modification order that merely referenced the trial court's oral ruling and failed to set forth or incorporate a parenting plan, as required by OCGA § 19-9-1 (a). We agree, and we therefore vacate the trial court's order and remand the case for entry of an order that meets the applicable statutory requirements.

OCGA § 19-9-1 (a) provides, in relevant part "[t]he final order in any legal action involving the custody of a child, including modification actions, shall incorporate a permanent parenting plan . . . provided, however, that unless otherwise ordered by the court, a separate court order exclusively devoted to a parenting plan shall not be required."[5] Given that the trial court's order neither sets forth all of the

_____

[5] OCGA § 19-9-1 (b) outlines the items that a parenting plan must contain and requires that such a plan include, inter alia, "[w]here and when a child will be in each parent's physical care, designating where the child will spend each day of the year;" "[h]ow holidays, birthdays, vacations, school breaks and other special occasions will be spent with each parent including the time of day that each event will begin and end;" and "[t]ransportation arrangements including how the child will be exchanged between the parents, the location of the exchange, how the transportation costs will be paid, and any other matter relating to the child spending time with each parent." OCGA § 19-9-1 (b) (2) (A), (B), (C).

elements of a parenting plan required by OCGA § 19-9-1 (b) nor incorporates a parenting plan set forth in a separate document, "we are constrained to remand the case with instructions that the trial court incorporate a parenting plan into its final order consistent with the [statutory] requirements." *Moore*, 297 Ga. App. at 711 (3). See also *McFarlane*, 298 Ga. at 362 (2) ("[b]ecause the trial court failed to enter a permanent parenting plan when it entered the modification order, we remand this case for compliance with the [relevant statutory] requirements").[6]

For the reasons set forth above, we affirm the trial court's grant of Spears's motion to modify the court's original order entered on his Petition for Legitimation, Custody and Child Support. We vacate the current order, however, and remand the case for entry of an order that complies with the requirements of OCGA § 19-9-1 (b).

*Judgment affirmed in part and vacated in part, and case remanded with direction. Ellington, P. J., and Mercier, J., concur.*

---

[6] As noted above, although the trial court adopted a parenting plan at the time it entered the original order of judgment, a copy of that plan does not appear in the current record. If the trial court did incorporate a parenting plan into its original order of judgment, then on remand it may satisfy the requirements of OCGA § 19-9-1 (b) by entering an order that: (i) sets forth the specific modifications the court is making to the parenting plan previously adopted and incorporated into the court's original order; and (ii) explicitly states that all of the terms and conditions of the original parenting plan not modified by the court's new order are to remain in full force and effect. See *Williams v. Williams*, 295 Ga. 113, 115 (2) (757 SE2d 859) (2014).