**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 29, 2020**

# In the Court of Appeals of Georgia

A20A1539. EKHORUTOMWEN v. JAMISON.

PIPKIN, Judge.

We granted an application for discretionary appeal filed by Osagie Ekhorutomwen ("the father") to ascertain whether the trial court erred in changing a child support obligation from $160 per month to $587 per month based upon a "clerical error" and awarding over $29,000 in past due child support. For reasons that follow, we find the trial court erred, and we thus reverse.

The relevant facts show that the father was in a relationship with Dominisha Jamison ("the mother"), and they had two children out of wedlock, J. E. who was born in 2011 and N. E who was born in 2015. In 2013, during a break in the relationship, the father petitioned to legitimate J. E., and the petition was granted in February 2014. The order awarded both parents joint legal custody, although the

mother was given primary physical custody. The order also required the father to pay child support. The father testified his income was $1,600 per month, but the trial court found the father's income to be $3,600 per month. According to a Child Support Worksheet and a Child Support Addendum, the child support obligation was $587 per month. The court's order, however, required the father to pay $160 per month in child support.

Following the parents' reconciliation, N. E. was born. In 2016, the relationship ended. According to the father, the mother willingly left the children in his custody. The mother subsequently threatened to take the children away from the father and, in 2018, the father filed a petition to legitimate N. E. and an emergency motion to modify custody.[1]

The action was transferred to Clayton County Superior Court, which granted the legitimation petition and transferred the matter back to DeKalb County Superior Court.[2] Following a hearing, the trial court awarded both parents joint legal custody,

---

[1] The mother answered and appears to have asserted a counterclaim for unpaid child support. The mother filed a separate contempt action for failing to pay child support in the amount of $160 per month, which was heard by another judge. The contempt proceeding appears to have resolved the mother's claim for payment of past due child support.

[2] Although the action originated in DeKalb County, the legitimation action was transferred to Clayton County based upon the mother's county of residency. See OCGA

and awarded the father primary physical custody. In ruling on child support, the trial court noted that its February 2014 order awarding $160 per month was inconsistent with the Child Support Worksheet and the Child Support Addendum. The trial court concluded that the $160 was a scrivener's error. In recognition of the scrivener's error, the trial court found the:

> Father to be in child support arrears of $427 ($587 - 160 = $427) for a total of 68 months (March 2014 to October 2019 is 68 months). Thus, Father owes Mother a total of $29,036 ($427 x 68 months). This shall be paid at a rate of $427 [per month] beginning December 1, 2019.

Following the grant of his discretionary application, the father appeals this ruling.

According to the father, the trial court erred in modifying the February 2014 order on the basis that the $160 child support obligation was a scrivener's error. The father contends that the modification does not constitute the correction of a clerical mistake within the meaning of OCGA § 9-11-60 (g).

Ordinarily, a trial court's power to amend or modify its judgment ends with the term in which judgment was entered. See *Tremble v. Tremble*, 288 Ga. 666, 668 (1) (706 SE2d 453) (2011). A trial court may, however, correct clerical mistakes in orders

§ 19-7-22 (b). Upon ruling on the legitimacy issue, the Clayton County court transferred the matter back to DeKalb County Superior Court.

3

"arising from oversight or omission" at any time, upon its own initiative or on a party's motion. OCGA § 9-11-60 (g); *Ivery v. Brown*, 307 Ga. App. 732, 734 (706 SE2d 120) (2011). Clerical errors or omissions include irregularities that are apparent from the face of the record or mathematical errors that are obvious from the judgment. See *Capital Cargo v. Port of Port Royal*, 261 Ga. App. 803, 805 (1) (584 SE2d 54) (2003). However, OCGA § 9-11-60 (g) does not provide authority for making substantive changes to an order. See *Porter-Martin v. Martin*, 280 Ga. 150, 151 (625 SE2d 743) (2006); see also *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001) (holding that trial court lacked authority to "clarify" a prior ruling in a manner that altered a litigant's "substantive rights").

Here, we do not believe that the trial court's February 2014 award of $160 per month in child support can be considered a mere clerical error within the meaning of OCGA § 9-11-60 (g). The order expressly provided for payment of $160 per month and no other amount.[3] Although the Child Support Addendum and Child Support Worksheet showed a different amount, the trial court's order contained no reference

---

[3] There is no suggestion that either the father or mother believed the child support amount to be $587, and the trial court declined to hold the father in contempt for failing to pay at the higher amount.

to either the worksheet or the addendum.[4] Under these circumstances, the $160 specified in the trial court's order is conclusive. See *Porter-Martin*, 280 Ga. at 151-152; *Andrew L. Parks, Inc.*, 248 Ga. App. at 847. The trial court thus erred in modifying the February 2014 order to increase the amount due in child support under the guise of correcting a clerical error. See id.

Furthermore, even if the $160 were properly construed as a clerical error, the trial court erred in ordering payment of $29,036 in past due child support. It is well-settled that a trial court may not retroactively modify child support. See OCGA § 19-6-17 (e) (3); *Cousin v. Tubbs*, 353 Ga. App. 873, 890 (3) (b) (840 SE2d 85) (2020); *Dept. of Human Resources v. Prater*, 278 Ga. App. 900, 903 (2) (630 SE2d 145) (2006). Rather, any change to child support must operate prospectively. See id. And the changed child support obligation cannot be entered nunc pro tunc to the date of the original order because "a nunc pro tunc order cannot be used to supply an action not then taken by the court." *Andrew L. Parks, Inc.*, 248 Ga. App. at 847. Because the trial court's February 2014 order did not require payment of child support in the

---

[4] Pursuant to OCGA § 19-6-15 (m), child support worksheets prepared for the purpose of calculating child support should be attached to the order. Arguably, the trial court erred in failing to incorporate the child support worksheet or addendum into its final order. See *Selvage v. Franklin*, 350 Ga. App. 353, 358 (3) (829 SE2d 402) (2019). But that issue is not before us.

amount of $587 per month, the trial court cannot deem that amount as the correct payment in effect since that time. See *Tate v. Tate*, 340 Ga. App. 361, 364 (4) (797 SE2d 227) (2017) (where the ruling was issued in January 2016, the court erred in entering the order nunc pro tunc to August 13, 2015).

For these reasons, the trial court erred both in amending the original child support order and in requiring payment of past due support. In light of this holding, we do not need to address the father's argument that the trial court was without authority to re-adjudicate the amount of child support following the recent contempt proceedings.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur*.