**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 25, 2020**

# In the Court of Appeals of Georgia

A20A1697. CAPEHART v. MITCHELL et al.

MCFADDEN, Chief Judge.

Christopher Capehart appeals from the trial court's order setting aside a final child custody modification order. As detailed below, the order is not directly appealable under OCGA § 5-6-34 (a) because the case remains pending below and the issues raised in this appeal do not concern child custody. And Capehart did not follow the procedures for an interlocutory appeal set forth in OCGA § 5-6-34 (b). For these reasons, we lack appellate jurisdiction and so we dismiss the appeal. But we deny appellee Mayah Mitchell's request for frivolous appeal sanctions.

1. *Facts and procedural history.*

This appeal is part of an ongoing child custody dispute between former spouses. Capehart and his former wife, Mayah Mitchell, divorced in April 2014.

Immediately thereafter Capehart petitioned to modify the custodial arrangement that had been established in the divorce decree for their two children, who were then both minors[1]. In his petition, Capehart alleged that Mayah Mitchell's new husband, Todd Mitchell, had abused one of the children. Capehart also obtained a temporary protective order against Todd Mitchell.

The trial court entered a series of interim consent orders that, among other things, awarded Mayah Mitchell visitation with the children but barred Todd Mitchell from being around them. The first of the interim orders also permitted Todd Mitchell to intervene in the custody modification action.

The modification action progressed, and in late 2016 Capehart and Mayah Mitchell entered into a mediated settlement agreement giving Capehart sole physical custody and control over major decisions regarding the children, giving Mayah Mitchell visitation, and prohibiting the children from being in Mayah Mitchell's house or otherwise around Todd Mitchell. Todd Mitchell did not sign the mediated settlement agreement.

Capehart moved the trial court to make the mediated settlement agreement the order of the court, and on March 28, 2017, the trial court entered an order

---

[1] One of the two children was born in 2002 and is now a legal adult.

(hereinafter, "the March 2017 order") adopting that agreement. The March 2017 order modified the earlier custodial arrangement to award Capehart sole legal and physical custody of the children and to give Mayah Mitchell visitation outside Todd Mitchell's presence. The March 2017 order identified Todd Mitchell as an intervening party in the case.

In a February 2019 motion to set aside under OCGA § 9-11-60 (d), as well as in another proceeding not before us today,[2] Mayah Mitchell sought relief from the March 2017 order. In the subject motion to set aside, Mayah Mitchel contended that (1) the trial court lacked jurisdiction over Todd Mitchell, who was named as an intervening party in that order, because Todd Mitchell had no standing to intervene in the case; and (2) Todd Mitchell did not sign the mediated settlement agreement that the trial court incorporated into the March 2017 order. On January 16, 2020, the trial court entered the order from which Christopher Capehart now appeals.

---

[2] In a separate action before a separate trial court, Mayah Mitchell also petitioned to modify the custodial arrangement established in the March 2017 order. That trial court dismissed Mayah Mitchell's action for failing to state a claim, but we reversed the dismissal in *Mitchell v. Capehart*, 353 Ga. App. 461 (838 SE2d 125) (2020).

The trial court granted the motion to set aside the March 2017 order on the ground that Todd Mitchell lacked standing in and so was not a proper party to the 2014 custody modification action.

2. *Appellate jurisdiction.*

In both her appellate brief and a motion to dismiss, Mayah Mitchell argues that we lack jurisdiction over this appeal. She is correct.

Capehart brought this case as a direct appeal. But the effect of the order on appeal, which sets aside the March 2017 order, is that the case remains pending below because the trial court now must enter a new ruling on Capehart's 2014 petition to modify custody. See *Epstiner v. Spears*, 340 Ga. App. 199, 202 (1) (796 SE2d 919) (2017) (where the trial court sets aside a judgment under OCGA § 9-11-60 (d), the case is returned to the posture it occupied prior to the entry of judgment). So the order on appeal is interlocutory. Consequently, to obtain appellate review Capehart was required to follow the interlocutory appeal procedures set out in OCGA § 5-6-34 (b) unless this ruling fell within one of the categories of rulings subject to direct appeal under OCGA § 5-6-34 (a).

Capehart argues that this ruling falls under OCGA § 5-6-34 (a) (11), which permits direct appellate review of "[a]ll judgments or orders in child custody cases

4

awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders[.]" But our Supreme Court held in *Voyles v. Voyles*, 301 Ga. 44 (799 SE2d 160) (2017), that a judgment or order is not directly appealable under OCGA § 5-6-34 (a) (11) unless the case also involves "custody [as] an issue on appeal." Id. at 47. The Court in *Voyles* held that an appeal from the denial of a motion to set aside an order that, among other things, denied a father's request to modify custody, was *not* directly appealable under OCGA § 5-6-34 (a) (11) because the appellant did not "directly challenge[ ] on appeal the court's substantive ruling refusing to change custody." *Voyles*, 301 Ga. at 47. Instead, the father in *Voyles* sought to set aside the modification order for a procedural reason, because he did not receive proper notice of a hearing. Id. at 44-45.

By setting aside the custodial arrangement established in the March 2017 order, the order on appeal in this case had the effect of modifying child custody. But Capehart's appeal from the set-aside order does not directly challenge a substantive ruling regarding child custody. Instead, all of his arguments on appeal concern Todd Mitchell's status as an intervening party. So under the rule discussed in *Voyles*, this case is not subject to direct appeal under OCGA § 5-6-34 (a) (11). To obtain appellate review of this interlocutory order, therefore, Capehart was required to follow the

5

procedures set forth in OCGA § 5-6-34 (b). Because he did not do so, we dismiss this appeal for lack of appellate jurisdiction.

3. *Sanctions.*

Although we agree with Mayah Mitchell that we lack appellate jurisdiction in this case, we do not find that the appeal was frivolous and so we decline to grant her request for sanctions under Court of Appeals Rule 7 (e).

*Appeal dismissed. Doyle, P. J., and Hodges, J., concur*.