**FIFTH DIVISION
MCFADDEN, P. J.,
GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 6, 2022**

# In the Court of Appeals of Georgia

A22A0695.  HARMON  v.  PROGRESSIVE  PREMIER
INSURANCE COMPANY OF ILLINOIS.

PER CURIAM.

Jennifer Harmon filed this direct appeal from the trial court's orders granting summary judgment to Progressive Premier Insurance Company of Illinois ("Progressive") and denying Harmon's motion to vacate the grant of summary judgment. Progressive has moved to dismiss the appeal.

The relevant facts show that Jennifer Harmon allegedly sustained injuries in a car accident, and she filed a renewal action seeking damages. In addition to the allegedly negligent defendant, Harmon served her complaint on Progressive in accordance with OCGA § 33-7-11 (d), the Georgia Uninsured Motorist Act. Progressive filed a cross-claim against the alleged tortfeasor.

Progressive moved for summary judgment, arguing that Harmon's failure to provide timely notice of the accident barred recovery as a matter of law. Under the insurance policy, insureds were required to "promptly report each accident or loss even if you or the person seeking coverage is not at fault." Progressive tendered the affidavit of an employee who averred that the company first learned of the February 2017 accident when Harmon filed suit in January 2021.

Harmon did not file a response to the summary judgment motion, and the trial court granted the motion on August 18, 2021. In the order, the trial court noted that Harmon had not filed a response.

Harmon filed an emergency motion to vacate the grant of summary judgment, asserting that the e-filed motion had been sent to her attorney's spam folder. The trial court denied the motion to vacate on October 20, 2021, and Harmon filed this appeal.

Progressive has moved to dismiss the appeal. Because we lack jurisdiction over the appeal, we agree that we must dismiss it.

As a general rule, a direct appeal requires that the judgment or order appealed be final, which means the case is no longer pending in the court below. See *Fein v. Chenault*, 330 Ga. App. 222, 227 (767 SE2d 766) (2014). When a direct appeal is filed from a non-final order, we ordinarily lack jurisdiction to consider the appeal. See

2

id. The law permits, however, a direct appeal from certain non-final orders, including the grant of partial summary judgment. See OCGA § 9-11-56 (h).

In order to appeal the grant of summary judgment, Harmon was required to file her notice of appeal within 30 days of the summary judgment ruling. See OCGA § 5-6-38 (a). Because Harmon did not file her notice of appeal within 30 days of the trial court's grant of summary judgment, that ruling cannot confer appellate jurisdiction upon us.

Harmon filed a notice of appeal within 30 days of the October 20, 2021 order denying her motion to vacate the summary judgment ruling. She suggests that we have appellate jurisdiction because the October 20, 2021 order was also a summary judgment ruling. "[U]nder Georgia law, we construe orders according to their substance and function and not merely by nomenclature." *Epstiner v. Spears*, 340 Ga. App. 199, 202 (1) (796 SE2d 919) (2017) (citation and punctuation omitted). Here, the trial court's order did not pertain to the merits of the case and thus cannot reasonably be construed as the grant of summary judgment. See *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 221 (633 SE2d 623) (2006).

Because Harmon's claim against the allegedly negligent driver remains pending below, Harmon was required to comply with the interlocutory appeal

procedures in order to appeal the trial court's order denying her motion to vacate the grant of summary judgment. See OCGA § 5-6-34 (b) ("Where the trial judge in rendering an order . . . not otherwise subject to direct appeal, . . . certifies within ten days of entry thereof that the order . . . is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may . . . permit an appeal to be taken from the order . . . if application is made thereto within ten days after such certificate is granted."); *Forest City Gun Club*, 280 Ga. App. 219, 221-222 (appeal of pre-trial ruling required compliance with interlocutory appeal procedures). Harmon's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over this appeal. Accordingly, Progressive's motion to dismiss is hereby granted, and this appeal is dismissed.

*Appeal dismissed. Division Per Curiam. All Judges concur*.