# Court of Appeals
# of the State of Georgia

ATLANTA,  April 01, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0461, A25A0462.  STEVE MOORE v. BROWN, DUTTON & CRIDER LAW FIRM, LLC.**

Brown, Dutton & Crider Law Firm, LLC ("Law Firm") filed a petition for contempt against Steve Moore, alleging that Moore failed to comply with an order issued by the Superior Court of DeKalb County awarding attorney fees to Law Firm in an underlying legitimation action in which Law Firm represented the mother of Moore's child. Moore objected to the contempt petition, contending that the superior court's attorney fee award was null and void because it had been vacated by a consent order entered by the juvenile court judge to whom the legitimation action had been transferred by the superior court.[1] The trial court rejected Moore's contention, and, on October 3, 2023, issued an order finding Moore in wilful contempt. In so ordering, the trial court found that Moore failed to produce evidence of the consent order and that, even if he had, (1) Moore and the child's mother had "no authority to contract away an award of attorney fees which were to be paid directly to [Law Firm]," and (2) the juvenile court had no authority to vacate an award of the superior court.

Moore subsequently filed various motions challenging the contempt order, including an emergency motion to set aside and vacate (filed on October 6, 2023), a motion to stay imposition of final order on contempt (filed October 9, 2023), and a

---

[1] The consent order was allegedly based upon an agreement between Moore and the child's mother waiving all attorney fees against each other and directed that "neither party shall be entitled to attorney's fees based on their mutual agreement and all previous awards of attorney's fees stemming from this case shall be vacated."

motion for new trial (filed October 11, 2023). The crux of the motions was that the superior court and the juvenile court had concurrent jurisdiction over the legitimation action and that, therefore, Moore cannot be held in wilful contempt because he rightfully relied on the juvenile court's vacatur of all previous awards of attorney fees.

On October 18, 2023, the trial court granted Moore's emergency motion to stay imposition of final order on contempt, noting that a hearing on the motions to set aside and vacate, and for new trial was scheduled for November 9, 2023, and ruling that Moore "shall not be arrested and incarcerated pursuant to the Contempt Order pending the hearing." On May 16, 2024, the trial court denied Moore's motion to set aside and purportedly "amended" its final contempt order, ordering that Moore be incarcerated for his failure to pay the attorney fees; the order otherwise remained unchanged. Two months later, on July 18, 2024, the trial court entered an order *nunc pro tunc* to May 16, 2024, essentially amending its previous order denying Moore's motion to set aside and vacate to include denial of Moore's motion for new trial and again ordering Moore incarcerated. In a separate order dated July 19, 2024, the trial court denied a motion filed by Moore seeking to consolidate cases for purposes of appeal and awarded attorney fees to Law Firm pursuant to OCGA § 9-15-14 (b) for having to respond to the motion to consolidate. On June 17, 2024, Moore filed a direct appeal of the May 16, 2024 order (Case No. A25A0461), and on July 24, 2024, Moore filed a direct appeal of the July 18, 2024 order and the July 19, 2024 order (Case No. A25A0462). We lack jurisdiction over both appeals.

(a) *Case No. A25A0461.* Here, the May 16, 2024 order denying Moore's motion to set aside and vacate purports to amend the contempt order which had been entered on October 3, 2023, during a previous term of court. While we recognize that a court may set aside, alter, or modify its final judgment for any meritorious reason after the expiration of the term in which it was entered if a proceeding for that purpose was begun during the term, see *Pekor v. Clark*, 236 Ga. 457, 458 (1) (224 SE2d 30) (1976), here, *the trial court did not set aside, alter, or modify its judgment of contempt*, as requested by Moore in his motion. "Where a movant meets the requirements of

OCGA § 9-11-60 (d), a trial court may set aside an entire judgment, thereby returning the case to the posture it occupied prior to the entry of judgment." *Epstiner v. Spears*, 340 Ga. App. 199, 202 (1) (796 SE2d 919) (2017). That Code section, however, "does not authorize a court to revise or amend part of a judgment while leaving the judgment intact." Id. Here, although the May 16, 2024 order purports to amend the original judgment it did not have that effect. Instead, it ordered Moore incarcerated; denied his motion to set aside; and left the contempt judgment in tact, stating that "[a]ll other provisions of the October 3, 2023 Final Order shall remain unchanged." "[U]nder Georgia law, we construe orders according to their substance and function and not merely by nomenclature." (Citation and punctuation omitted.) Id. The May 16, 2024 order did nothing more than deny Moore's motion to set aside, and the denial of a motion to set aside must be appealed by a timely application for discretionary appeal. See OCGA § 5-6-35 (a) (8), (b). See also *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006). Because Moore did not comply with the discretionary appeal procedures we are without jurisdiction to consider this direct appeal and it is hereby dismissed.

(b) *Case No. A25A0462*. We are also without jurisdiction to consider Moore's appeal of (i) the order denying his motion for new trial and (ii) the order denying his motion to consolidate cases for purposes of appeal and awarding attorney fees to Law Firm pursuant to OCGA § 9-15-14 (b) for having to respond to the motion to consolidate.

(i) While a motion for new trial is a proper vehicle for attacking a judgment holding a party in contempt, see *Berman v. Berman*, 231 Ga. 216, 217 (2) (200 SE2d 870) (1973), it must be "predicated upon some intrinsic defect which does not appear upon the face of the record or pleadings," see OCGA § 9-11-60 (c), or be based upon "newly discovered evidence." *Smith v. Smith*, 293 Ga. 563, 566 (5) (748 SE2d 456) (2013). Newly discovered evidence, however, does not include evidence that a party should have produced, but failed to, earlier in the case. See *Debter v. Stephens*, 297 Ga. 652, 653 (777 SE2d 244) (2015); *State v. Abernathy*, 295 Ga. 816, 818 (1) (764 SE2d

387) (2014) (a new trial may be granted based on newly discovered evidence only where, among other things, "it was not owing to the want of due diligence that [the party putting forth the new evidence] did not acquire [the evidence] sooner"). Here, Moore's motion for new trial sought to relitigate an issue raised during the contempt hearing and was based upon evidence that he should have produced, but failed to, during the contempt hearing; such claims do not amount to an intrinsic defect under OCGA § 9-11-60 (c). Accordingly, it was an "invalid" motion that the trial court properly denied. See *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986) ("[w]here a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal"). See also *Parsons v. Ga. Power Co.*, 67 Ga. App. 517 (3) (21 SE2d 257) (1942). See generally *Gooding v. Boatright*, 211 Ga. App. 221, 222 (438 SE2d 685) (1993). Similarly, Moore's effort to challenge the finding of contempt itself is ineffective as the filing of an *invalid* motion for new trial does not extend the time for filing a notice of appeal. See *Pillow*, 255 Ga. at 684.

(ii) Lastly, we do not have jurisdiction over Moore's direct appeal of the July 19, 2024 order denying the motion to consolidate and awarding attorney fees pursuant to OCGA § 9-15-14. "Where . . . an appeal is taken from a trial court order that contains rulings on multiple issues, the proper appellate procedure is determined by the issue raised in the appeal." *Low v. Swift*, 367 Ga. App. 874, 876 (889 SE2d 122) (2023). Assuming without deciding that the order denying the motion to consolidate was directly appealable as a final judgment, Moore's two claims of error concern the award of attorney fees; he does not raise any challenge to the trial court's denial of the motion to consolidate. The appeal of an attorney fees award under OCGA § 9-15-14 is subject to the discretionary application procedure under OCGA § 5-6-35 (a) (10). See *Modi v. India-American Cultural Assn.*, 367 Ga. App. 572, 574 (1) (886 SE2d 378) (2023). Moore's failure to comply with the discretionary appeal procedure deprives us of jurisdiction over this appeal.

For the foregoing reasons, both appeals are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _04/01/2025_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*